## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

FROST SOLUTIONS, LLC,

               Plaintiff,

     v.                                       Civ. Action No. 1:22-cv-00401-SE

PATRICK BAGLIEN, CHRISTOPHER LAREAU,
and VUE ROBOTICS, LLC.,

               Defendants.

## DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND

Defendants Patrick Baglien ("Mr. Baglien"), Christopher Lareau ("Mr. Lareau"), and Vue Robotics, LLC ("Vue Robotics") (collectively, "Defendants"), through their counsel, Nixon Peabody, LLP, hereby answer the Complaint of Plaintiff Frost Solutions, LLC ("Frost Solutions") as follows:

Each numbered Paragraph in this Answer responds to the identically numbered Paragraph in Frost Solutions' Complaint. Defendants deny all allegations, declarations, claims, or assertions in the Amended Complaint that are not specifically admitted in this Answer.

## NATURE OF THE ACTION

1.      Paragraph 1 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent any response is required, such allegations are denied.

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      Mr. Baglien admits that he signed an agreement entitled, "Confidential Information and Invention Assignment Agreement," a copy of which is attached as Exhibit B to the Complaint and the content of which speaks for itself. Mr. Lareau and Mr. Baglien admit that

Mr. Lareau signed an agreement entitled, "Separation Agreement and Mutual Release," a copy of which is attached as Exhibit C to the Complaint and the content of which speaks for itself.  Mr. Baglien and Mr. Lareau are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 3 of the Complaint and, thus, deny the same.  Except as expressly admitted, Mr. Baglien and Mr. Lareau deny the allegations of Paragraph 3 of the Complaint.  Vue Robotics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, thus, denies the same.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint.

## THE PARTIES

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, thus, deny the same.

7.      Mr. Lareau admits the allegations in the first and second sentences of Paragraph 7 of the Complaint.  The last sentence of Paragraph 7 contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.  Except as expressly admitted, Mr. Lareau denies the allegations of Paragraph 7 of the Complaint.  Mr. Baglien and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, thus, deny the same.

8.      Mr. Baglien admits that he is an individual and the former Chief Operating Officer of Frost Control.  Mr. Baglien also admits that he is a resident of Granger, Indiana.  The last sentence of Paragraph 8 contains legal conclusions to which no responsive pleading is

required.  To the extent any response is required, such allegations are denied.  Except as expressly admitted, Mr. Baglien denies the allegations of Paragraph 8 of the Complaint.  Mr. Lareau and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, thus, deny the same.

9.      Defendants admit the allegations in the first and second sentences of Paragraph 9 of the Complaint.  The last sentence of Paragraph 9 contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.  Except as expressly admitted, Defendants deny the allegations of Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     Paragraph 10 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

11.     Paragraph 11 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

12.     Paragraph 12 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

13.     Paragraph 13 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied. Defendants expressly deny that Mr. Lareau has engaged in any wrongdoing in violation of any law, contractual obligation, and/or fiduciary duty.

14.     Paragraph 14 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

Defendants expressly deny that Mr. Baglien has engaged in any wrongdoing in violation of any law, contractual obligation, and/or fiduciary duty.

15.     Paragraph 15 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied. Defendants expressly deny that Vue Robotics has engaged in any wrongdoing in violation of any law.

16.     Paragraph 16 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

**FACTUAL BACKGROUND**

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, thus, deny the same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, thus, deny the same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, thus, deny the same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, thus, deny the same.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, thus, deny the same.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, thus, deny the same.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, thus, deny the same.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, thus, deny the same.

25.     Mr. Baglien admits that he signed an agreement entitled, "Confidential Information and Invention Assignment Agreement," a copy of which is attached as Exhibit B to the Complaint and the content of which speaks for itself.  Mr. Baglien is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint and, thus, denies the same.  Except as expressly admitted, Mr. Baglien denies the allegations of Paragraph 25 of the Complaint.  Mr. Lareau and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, thus, deny the same.

26.     Mr. Lareau and Mr. Baglien admit that Mr. Lareau signed an agreement entitled, "Separation Agreement and Mutual Release," a copy of which is attached as Exhibit C to the Complaint and the content of which speaks for itself.  Mr. Lareau and Mr. Baglien are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint and, thus, deny the same.  Except as expressly admitted, Mr. Lareau and Mr. Baglien deny the allegations of Paragraph 26 of the Complaint. Vue Robotics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, thus, denies the same.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, thus, deny the same.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, thus, deny the same.

29.     Mr. Baglien admits that he received a written offer of employment by offer letter in March 2019.  Mr. Baglien further admits that an unsigned copy of an offer letter is attached as Exhibit A, the content of which speaks for itself.  Except as expressly admitted, Mr. Baglien denies the allegations of Paragraph 29 of the Complaint.  Mr. Lareau and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, thus, deny the same.

30.     Mr. Baglien is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 30 of the Complaint and, thus, denies the same.  Mr. Baglien admits that he signed an agreement entitled, "Confidential Information and Invention Assignment Agreement," a copy of which is attached as Exhibit B to the Complaint and the content of which speaks for itself.  Except as expressly admitted, Mr. Baglien denies the allegations contained in Paragraph 30 of the Complaint.  Mr. Lareau and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, thus, deny the same.

31.     Mr. Baglien admits the allegations of the first sentence of Paragraph 31 of the Complaint.  Mr. Baglien also admits that in or about March 2020, he was promoted to the role of Chief Operating Officer.  Except as expressly admitted, Mr. Baglien denies the allegations contained in Paragraph 31 of the Complaint.  Mr. Lareau and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, thus, deny the same.

32.     Mr. Baglien admits that as Chief Operating Officer, he oversaw various aspects of Frost Control but his duties in this position were never formalized or written down.  Except as expressly admitted, Mr. Baglien denies the allegations contained in Paragraph 32 of the

Complaint.  Mr. Lareau and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, thus, deny the same.

33.     Mr. Baglien denies the allegations of Paragraph 33 of the Complaint.  Mr. Lareau and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, thus, deny the same.

34.     Mr. Lareau admits the allegations of Paragraph 34 of the Complaint.   Mr. Baglien and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, thus, deny the same.

35.     Mr. Lareau admits that as Vice President of Sales, he oversaw various aspects of Frost Control relating to sales, but his duties in this position were never formalized or written down.  Except as expressly admitted, Mr. Lareau denies the allegations contained in Paragraph 35 of the Complaint.  Mr. Baglien and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, thus, deny the same.

36.     Mr. Lareau denies the allegations of Paragraph 36 of the Complaint.  Mr. Baglien and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, thus, deny the same.

37.     Mr. Lareau denies the allegations of Paragraph 37 of the Complaint.  Mr. Baglien and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, thus, deny the same.

38.     Mr. Lareau and Mr. Baglien admit that Mr. Lareau signed an agreement entitled, "Separation Agreement and Mutual Release," a copy of which is attached as Exhibit C to the

Complaint and the content of which speaks for itself.   Except as expressly admitted, Mr. Lareau and Mr. Baglien deny the allegations of Paragraph 38 of the Complaint.  Vue Robotics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, thus, denies the same.

39.     Mr. Baglien denies the allegations contained in Paragraph 39 of the Complaint. Mr. Lareau and Vue Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, thus, deny the same.

40.     Defendants admit the allegations contained in the second sentence of Paragraph 40 of the Complaint.  Except as expressly admitted, Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and, thus, deny the same.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, thus, deny the same.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, thus, deny the same.

46.     Defendants admit that on or about June 8, 2022, they received a letter from counsel purporting to represent Frost Control, which letter is attached as Exhibit D to the Complaint and the content of which speaks for itself.  Except as expressly admitted, Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants admit that on or about July 5, 2022, counsel for Mr. Baglien and Mr. Lareau responded to the letter attached as Exhibit D to the Complaint, which response letter is attached as Exhibit E to the Complaint and the content of which speaks for itself.  Defendants deny the allegations of Paragraph 47 to the extent that they mispresent the contents of the letter attached as Exhibit E to the Complaint.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and, thus, deny the same.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, thus, deny the same.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, thus, deny the same.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

## COUNT I

**Violation of the Defendant Trade Secrets Act, 18 U.S.C. § 1836 *et seq.***
**(Against All Defendants)**

53.     Defendants incorporate by reference their responses to Paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

54.     Paragraph 54 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and, thus, deny the same.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and, thus, deny the same.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and, thus, deny the same.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and, thus, deny the same.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, thus, deny the same.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, thus, deny the same.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

## COUNT II

**Violation of the New Hampshire Uniform Trade Secrets Act, N.H. RSA § 350-B *et seq.*
(Against All Defendants)**

64.     Defendants incorporate by reference their responses to Paragraphs 1 through 63 of the Complaint, as if fully set forth herein.

65.     Paragraph 65 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and, thus, deny the same.

67.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and, thus, deny the same.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and, thus, deny the same.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and, thus, deny the same.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and, thus, deny the same.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and, thus, deny the same.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

## COUNT III

### Breach of Separation Agreement
### (Against Lareau)

74.     Defendants incorporate by reference their responses to Paragraphs 1 through 73 of the Complaint, as if fully set forth herein.

75.     Mr. Lareau and Mr. Baglien admit that Mr. Lareau signed an agreement entitled, "Separation Agreement and Mutual Release," a copy of which is attached as Exhibit C to the Complaint and the content of which speaks for itself.   Except as expressly admitted, Mr. Lareau and Mr. Baglien deny the allegations of Paragraph 75 of the Complaint.  Vue Robotics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and, thus, denies the same.

76.     Mr. Lareau and Mr. Baglien admit that Mr. Lareau signed an agreement entitled, "Separation Agreement and Mutual Release," a copy of which is attached as Exhibit C to the Complaint and the content of which speaks for itself.   Except as expressly admitted, Mr. Lareau and Mr. Baglien deny the allegations of Paragraph 76 of the Complaint.  Vue Robotics is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 76 of the Complaint and, thus, denies the same.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

## COUNT IV

### Breach of Confidentiality Agreement
### (Against Baglien)

80.     Defendants incorporate by reference their responses to Paragraphs 1 through 79 of

the Complaint, as if fully set forth herein.

81.     Mr. Baglien admits that he signed an agreement entitled, "Confidential

Information and Invention Assignment Agreement," a copy of which is attached as Exhibit B to

the Complaint and the content of which speaks for itself.  Mr. Baglien is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81

of the Complaint and, thus, denies the same.  Except as expressly admitted, Mr. Baglien denies

the allegations contained in Paragraph 81 of the Complaint.  Mr. Lareau and Vue Robotics are

without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 81 of the Complaint and, thus, deny the same.

82.     Paragraph 82 of the Complaint contains legal conclusions to which no responsive

pleading is required.  To the extent any response is required, such allegations are denied.

83.     Mr. Baglien admits that he signed an agreement entitled, "Confidential

Information and Invention Assignment Agreement," a copy of which is attached as Exhibit B to

the Complaint and the content of which speaks for itself.  Except as expressly admitted, Mr.

Baglien denies the allegations contained in Paragraph 83 of the Complaint.  Mr. Lareau and Vue

Robotics are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and, thus, deny the same.

      84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

      85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

      86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

### COUNT V

**Breach of Fiduciary Duties**
**(Against Lareau and Baglien)**

      87.     Defendants incorporate by reference their responses to Paragraphs 1 through 86 of the Complaint, as if fully set forth herein.

      88.     Mr. Baglien denies the allegations contained in Paragraph 88 of the Complaint. Mr. Lareau admits that as Vice President of Sales of Frost Control, he oversaw various aspects of Frost Control relating to sales, but his duties in this position were never formalized or written down.  Except as expressly admitted, Mr. Lareau denies the allegations contained in Paragraph 88 of the Complaint.  Vue Robotics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and, thus, denies the same

      89.     Paragraph 89 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

      90.     Paragraph 90 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

      91.     Paragraph 91 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

      92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

## PRAYERS FOR RELIEF

Defendants deny that Frost Solutions is entitled to any of the relief prayed for in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint and each cause of action contained therein fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Frost Solutions' claims are barred, in whole or in part, for lack of standing because it did not acquire from Frost Control and/or does not own the claims asserted against Defendants herein.

### THIRD DEFENSE

Frost Solutions' claims are barred, in whole or in part, by estoppel.

### FOURTH DEFENSE

Frost Solutions' claims are barred, in whole or in part, by waiver.

### FIFTH DEFENSE

Frost Solutions' claims are barred, in whole or in part, by unclean hands.

### SIXTH DEFENSE

Frost Solutions' trade secret misappropriation claims are barred, in whole or in part, because it fails to identify with specificity any alleged trade secrets purportedly misappropriated by Defendants.

**SEVENTH DEFENSE**

Frost Solutions' trade secret misappropriation claims are barred, in whole or in part, because Frost Solutions' purported trade secrets and/or confidential information are not protectable or enforceable as a "trade secret" under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* and/or the New Hampshire Uniform Trade Secrets Act, N.H. RSA § 350-B, *et seq.*

**EIGHTH DEFENSE**

Frost Solutions' trade secret misappropriation claims are barred, in whole or in part, because Defendants did not engage in any "misappropriation" under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* and/or the New Hampshire Uniform Trade Secrets Act, N.H. RSA § 350-B, *et seq.*

**NINTH DEFENSE**

Frost Solutions' breach of contract claims are barred, in whole or in part, for lack of consideration and/or because the contract asserted is unenforceable.

**TENTH DEFENSE**

Frost Solutions' breach of fiduciary duty claim is barred, in whole or in part, because no fiduciary duty was owed.

**ADDITIONAL DEFENSES**

Defendants reserve the right to amend its Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of this action.

## <u>DEFENDANTS' PRAYER FOR RELIEF</u>

WHEREFORE, Defendants respectfully request that the Court:

(1)     Dismiss the Complaint and all causes of action contained therein in their entirety with prejudice;

(2)     Award Defendants their reasonable attorneys' fees, expenses and costs, pursuant to applicable law; and

(3)     Grant such other and/or further relief as the Court deems just and equitable.

## <u>JURY DEMAND</u>

Defendants demand a trial by jury on each and every claim and defense so triable.

Dated:  December 9, 2022        Respectfully submitted,

**PATRICK BAGLIEN, CHRISTOPHER LAREAU, AND VUE ROBOTICS, LLC,**

By their attorneys,

*/s/Kierstan E. Schultz*
Kierstan E. Schultz (N.H. Bar No. 20682)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH  03101
Tel: (603) 628-4031
Fax:  (603) 628-4040
Email:  kschultz@nixonpeabody.com

Jason C. Kravitz (*pro hac vice* admission requested)
Gina M. McCreadie (*pro hac vice* admission requested)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, Massachusetts  02109
Tel:  (617) 345-1000
Fax:  (617) 345-1300
Email:  jkravitz@nixonpeabody.com
       gmccreadie@nixonpeabody.com

## CERTIFICATE OF SERVICE

I, Kierstan E. Schultz, hereby certify that the foregoing *Defendants' Answer, Defenses, and Jury Demand* was filed through the ECF system and served electronically on the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 9, 2022                    */s/Kierstan E. Schultz*
                                           Kierstan E. Schultz, Esq.