UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

FROST SOLUTIONS, LLC,

    Plaintiff,

v.

PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,

    Defendants.

Case No. 1:22-cv-00401-SE

**[PROPOSED] DISCOVERY PLAN**
<u>Fed. R. Civ. P. 26(f)</u>

**DATE/PLACE OF CONFERENCE:** December 21, 2022 (by telephone) and January 10-18, 2023 (by email)

**COUNSEL PRESENT/REPRESENTING**:

For Plaintiff:  Laura L. Carroll, Daniel A. Saeedi, Julie C. Ratliff

For Defendants:  Gina M. McCreadie, Kierstan E. Schultz, Jason C. Kravitz

<u>**CASE SUMMARY**</u>

**THEORY OF LIABILITY**: This action seeks damages and injunctive relief arising from Defendants' theft of Plaintiff Frost Solutions, LLC ("Frost")'s valuable confidential information and trade secrets, as well as Defendant Christopher Lareau ("Lareau") and Patrick Baglien ("Baglien")'s breach of fiduciary duties and breach of contract.  Frost (and its predecessor Frost Control Systems, LLC ("Frost Control")) is an innovative manufacturer of a proprietary weather-security product called the Advance Infrared Monitoring System ("AIMS"), which provides real-time information about weather conditions including high-definition imagery and night vision, accurate weather atmospherics, forecasting, and pavement temperature.

Defendants Lareau and Baglien worked as top-level officers for Frost Control , the predecessor to Plaintiff Frost.  Baglien and Lareau each executed confidentiality agreements prohibiting them from disclosing Frost Control's or its successors' proprietary information; Lareau also executed a separation agreement further obligating him to protect Frost Control's and its successors' confidential information and not to compete directly and unfairly with Frost Control or its successors for six months after his employment had ended.  Notwithstanding these agreements, and while serving in senior executive roles at Frost Control, Baglien and Lareau began stealing and downloading trade secrets, customer lists, and confidential information from their employer,

Frost Control.  Baglien and Lareau then resigned, and less than six months later, they co-founded, began working for, and solicited customers for Defendant Vue Robotics, LLC ("Vue Robotics"), a direct competitor of Frost Control and its successor, Plaintiff Frost.  By using Frost's trade secrets and confidential information to directly compete with Frost, and by breaching their contractual commitments, Defendants are liable to Plaintiff under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and the New Hampshire Uniform Trade Secrets Act, RSA § 350-B *et seq.*, for trade secret misappropriation, and Baglien and Lareau are liable for breaching their fiduciary duties to, and contracts with, Frost.

**THEORY OF DEFENSE:**  Defendants deny that they have stolen or engaged in theft or misappropriation of any Frost's confidential information or trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.*, or the New Hampshire Uniform Trade Secrets Act ("NHTSA"), RSA § 350-B *et seq*.  Baglien and Lareau also deny that they breached any fiduciary duty owed to Frost or Frost Control or breached any contract with either entity.  Defendants also assert the following affirmative or other defenses:  (1) Frost lacks standing to assert these claims because Frost does not own these claims or otherwise acquire them from Frost Control; (2) these claims are barred by estoppel, waiver, and/or unclean hands; (3) the information purportedly taken is not protectable or enforceable as a trade secret and/or Defendants did not engage in misappropriation of such information under the DTSA or the NHTSA; (4) the breach of contract claims are barred because the contract asserted is unenforceable for lack of consideration or otherwise; and (5) the breach of fiduciary duty claims are barred because no fiduciary duty was owed.

**DAMAGES**:  Plaintiff seeks actual, compensatory, and consequential damages benefits, interest, multiple and punitive damages, attorneys' fees and litigation costs, and injunctive relief.  Defendants deny that Plaintiff is entitled to any damages, injunctive relief, or any other requests for relief.

**DEMAND**:  No later than Friday, October 20, 2023.

**OFFER**:  Thirty (30) days after receipt of demand.

**JURISDICTIONAL QUESTIONS**:  None.

**QUESTIONS OF LAW:**  Defendants have answered the complaint and there are no questions of law presented to the Court at this time, but all Parties reserve the right to raise questions of law should they arise.

**TYPE OF TRIAL**:  Jury trial.

## SCHEDULE

**TRACK ASSIGNMENT:** The Parties jointly request a modified track of 18 months.

**TRIAL DATE:**  Two-week jury trial session beginning June 18, 2024.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**  If Defendants claim that unnamed parties are at fault on a state law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006)), Defendants shall disclose the identity of every such party and the basis of the allegation of fault by Friday, March 10, 2023.

Plaintiff shall then have 30 days from the date of disclosure to amend the complaint, based on any *DeBenedetto* disclosure.

**AMENDMENT OF PLEADINGS:**  Other than an amendment in response to a *DeBenedetto* disclosure, any party seeking to amend their pleadings must do so pursuant to Fed. R. Civ. P. 15(a)(2), *i.e.*, with the consent of the opposing party or leave of court.

**JOINDER OF ADDITIONAL PARTIES:**

    Plaintiff:  Monday, April 10, 2023       Defendants:  Wednesday, May 10, 2023

**THIRD-PARTY ACTIONS**:  To be filed by Wednesday, May 10, 2023

**MOTIONS TO DISMISS:**  Defendants have answered the Complaint.  No motions to dismiss have been filed.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

    Initial expert reports by party who has the burden of proof due by Friday, November 17, 2023

    Rebuttal expert reports due by Friday, December 15, 2023

    Supplementations under Fed. R. Civ. P. 26(e)(2) for party with the burden of proof due Friday, May 24, 2024

    Responsive supplementation under Fed. R. Civ. P. 26(e)(2) due Friday, June 7, 2024

**COMPLETION OF DISCOVERY:**  The Parties propose to complete fact discovery by Friday, October 20, 2023, and to complete expert discovery, including expert depositions, by Friday, January 19, 2024.

**MOTIONS FOR SUMMARY JUDGMENT:**  Friday, February 16, 2024

**CHALLENGES TO EXPERT TESTIMONY:**  Friday, May 3, 2024

## DISCOVERY

**DISCOVERY NEEDED:**  Plaintiff anticipates seeking discovery concerning the information, documents, and trade secrets belonging to Frost that Defendants acquired and used in forming Vue Robotics, creating its weather-security technology, and building its client-base; Plaintiff further anticipates seeking discovery concerning all Frost clients and customers that Defendants have solicited.

Defendants anticipate needing discovery concerning the identification of the purported trade secrets and confidential information at issue (and whether they qualify as trade secrets under the DTSA or the NHTSA); the basis for Plaintiff's claim that Defendants misappropriated such trade secrets and confidential information; the basis of Plaintiff's claim that Baglien and Lareau should be liable for breach of contract and breach of fiduciary duty; Defendants' affirmative and other defenses, including whether Frost Control has standing to bring this action and enforceability of the contracts at issue in the breach of contract claims; and Plaintiff's claim for purported damages and calculation of such damages.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** Defendants served their initial disclosures on December 22, 2022. Plaintiff served its initial disclosures on January 17, 2023.

**INTERROGATORIES**: A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. Parties reserve the right to seek additional interrogatories with leave of the Court.

**REQUESTS FOR ADMISSION:** A maximum of 45 requests for admission by each Party to any other Party, not including requests for admission as to authentication, on which there shall be no limit. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. The Parties reserve the right to seek additional requests for admission with leave of the Court.

**DEPOSITIONS:** A maximum of 10 fact depositions by each side (*i.e.*, by Plaintiff and Defendants). This limit does not apply to expert depositions. Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of the Parties or order of the Court. The Parties agree that if a particular witness is produced in response to a Rule 30(b)(6) deposition notice, that does not preclude that witness from also being deposed in their individual capacity, nor does the time spent at a Rule 30(b)(6) deposition count toward the 7-hour limit for the individual deposition, or vice versa. The Parties will make every effort to ensure that the Rule 30(b)(6) deposition and individual deposition are not unreasonably duplicative. The Parties reserve the right to seek additional depositions with leave of the Court.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**
The Parties anticipate discovery of electronically stored information ("ESI") in this matter. The Parties are submitting a joint statement regarding ESI discovery.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** The Parties are filing a joint motion for entry of protective order, asking the Court to enter the form of Protective Order which has been agreed to by the Parties.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**  Plaintiff contends that the possibility of settlement cannot be evaluated prior to the end of fact discovery on October 20, 2023.  Defendants contend that Plaintiff should be able to present a settlement demand prior to the close of fact discovery.  Defendants also believe that settlement may be facilitated by ADR before an agreed-upon mediator after obtaining some discovery and prior to the filing of summary judgment motions.  The Parties are willing to discuss settlement and will exchange a demand and offer in accordance with the dates stated above.

**JOINT STATEMENT RE: MEDIATION:**  Date by which the Parties will notify the Court whether mediation will occur and, if so, when no later than  October 20, 2023.  Both parties reserve the right to petition the Court to order the case to mediation prior to this date.

**TRIAL ESTIMATE:**  Five to ten (5–10) full days.

**WITNESSES AND EXHIBITS:**  Due dates will be set by the clerk's notice of trial assignment.

**PRELIMINARY PRETRIAL CONFERENCE:**  The Parties do not request a preliminary pretrial conference with the Court before entry of the scheduling order in this matter.

Dated:  January 18, 2023                                          Respectfully submitted,

| | |
|---|---|
| **FROST SOLUTIONS, LLC,** | **PATRICK BAGLIEN, CHRISTOPHER LAREAU, AND VUE ROBOTICS, LLC,** |
| By its attorneys, | By their attorneys, |
| */s/ Laura L. Carroll* | */s/ Kierstan E. Schultz* |
| Laura L. Carroll (NH Bar No. 17444) | Kierstan E. Schultz (NH Bar No. 20682) |
| BURNS & LEVINSON LLP | NIXON PEABODY LLP |
| 125 High Street | 900 Elm Street, 14th Floor |
| Boston, MA 02110 | Manchester, NH  03101 |
| Tel: (617) 345-3000 | Tel: (603) 628-4031 |
| Fax: (617) 345-3299 | Fax:  (603) 628-4040 |
| Email: lcarroll@burnslev.com | Email:  kschultz@nixonpeabody.com |
| | |
| Daniel R. Saeedi (admitted *pro hac vice*) | Jason C. Kravitz (admitted *pro hac vice*) |
| Julie C. Ratliff (admitted *pro hac vice*) | Gina M. McCreadie (admitted *pro hac vice*) |
| TAFT STETTINIUS & HOLLISTER LLP | NIXON PEABODY LLP |
| 111 East Wacker Drive, Suite 2800 | Exchange Place |
| Chicago, IL  60601 | 53 State Street |
| Tel: (312) 527-4000 | Boston, MA  02109 |
| Fax: (312) 527-4011 | Tel:  (617) 345-1000 |
| Email: dsaeedi@taftlaw.com | Fax:  (617) 345-1300 |
|      jratliff@taftlaw.com | Email:  jkravitz@nixonpeabody.com |
| |           gmccreadie@nixonpeabody.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically served copies of this document and exhibits thereto on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated:  January 18, 2023          */s/ Laura L. Carroll*
                                                  Laura L. Carroll