## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

FROST SOLUTIONS, LLC,

    Plaintiff,

v.

PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,

    Defendants.

Case No. 1:22-cv-00401-SE

## PROTECTIVE ORDER

The parties have agreed to the terms of this Agreed Protective Order; accordingly, it is ORDERED:

1. <u>Scope</u>. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information copied, excerpted, or derived from the foregoing (hereinafter collectively "document(s)"), shall be subject to this Order concerning Confidential Information or Highly Confidential Information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. <u>Designation</u>.

    a. A party may designate documents or other information as Confidential Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" and a unique production number with a prefix specific to the producing party on such materials in a manner that will not interfere with the legibility of

the document and that will permit complete removal of the CONFIDENTIAL designation. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Such materials shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of such information. The designation CONFIDENTIAL does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

      b.      In addition to designating information as Confidential Information, a party may designate documents or other information as "Highly Confidential Information" for protection under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and a unique production number with a prefix specific to the producing party on such materials in a manner that will not interfere with the legibility of the document and that will permit complete removal of the HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, but only if the producing party determines in good faith that the designated information contains non-public information of a competitively or commercially sensitive nature that is so sensitive that its dissemination deserves even further limitation. Such materials shall be designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY prior to or at the time of the production or disclosure of such information. The designation HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Highly Confidential Information are not required to be marked.

      c.      The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information or Highly Confidential Information as defined in this Order.

      d.      Any Confidential Information or Highly Confidential Information produced in a non-paper medium (*e.g.* spreadsheets, digital media, videotape, audiotape, computer disk, optical disc, etc.) may be designated by labeling the outside of such non-paper medium as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and a unique production number with a prefix specific to the producing party. In the event a party receiving information designated as Confidential Information or Highly Confidential Information generates any hard copy, transcription, or printout from such designated non-paper media, such party must stamp each page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," with the associated unique production number, and the hard copy, transcription, or printout shall be treated as it is designated.

  e. Any party, including any third parties in this action, may designate documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, but only after review of the documents by an attorney or a party appearing *pro se* who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY.

  3. <u>Depositions</u>. Deposition testimony shall be deemed Confidential Information or Highly Confidential Information only if designated as such. Such designation shall be specific as to the portions to be so designated. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time of the deposition. Within fourteen (14) days after delivery of the transcript, and in no event later than thirty (30) days after a deposition, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated Confidential Information or Highly Confidential Information. Thereafter, those portions so designated shall be protected under the terms of this Order. The failure to serve a Notice of Designation shall waive the designation made on the record of the deposition, unless otherwise ordered by the Court. Nothing in this Order shall restrict a deponent from reviewing his or her own testimony.

4. <u>Use of Confidential Information or Highly Confidential Information During Depositions</u>. Nothing contained in Paragraph (3) shall be construed to prejudice any party's right to use any Confidential Information or Highly Confidential Information in taking testimony at any deposition, provided that the Confidential Information or Highly Confidential Information is only disclosed to those persons who are: (i) eligible to have access to the Confidential Information or Highly Confidential Information pursuant to Paragraphs 5(b) and 5(c); or (ii) eligible to have access to the Confidential Information or Highly Confidential Information by virtue of his or her relationship with the designating party (e.g., although not identified as an author, addressee, or copy recipient of such Confidential Information or Highly Confidential Information, has, in the ordinary course of business, been authorized to see and has seen such Confidential Information or Highly Confidential Information). Nothing contained herein shall preclude a person who is not listed in Paragraphs 5(b) or 5(c) from attending a deposition where Confidential Information or Highly Confidential Information will be used or disclosed so long as such person is not present at the deposition when such Confidential Information or Highly Confidential Information is used or disclosed. If a person who is not listed in Paragraphs 5(b) or 5(c) is present at a deposition, a party that intends to present or elicit or that anticipates that another party may present or elicit Confidential Information or Highly Confidential Information shall bring that issue to the attendees' attention without disclosing the Confidential Information or Highly Confidential Information and such person must leave the room before questioning about such information resumes.

5. <u>Protection of Confidential Information or Highly Confidential Information</u>.

a. <u>General Protections</u>. Confidential Information or Highly Confidential Information under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 5(b) or (c) for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof.

b. <u>Limited Third-Party Disclosures</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs 1-6. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1. <u>Counsel</u>. Counsel of record for the parties and employees of such counsel who have responsibility for the preparation and trial of the action;

2. <u>Parties</u>. Parties and employees of a party to this Order, but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3. <u>The Court and its personnel</u>;

4. <u>Court Reporters and Recorders</u>. Court reporters and recorders engaged for depositions;

5. <u>Contractors</u>. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but

only after such outside vendors have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6. <u>Consultants and Experts</u>. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") retained by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7. <u>Witnesses at Depositions</u>. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be designated as such and may not be disclosed to anyone except as permitted under this Order;

8. <u>Author or recipient</u>. The author or recipient of the document (not including a person who received the document for the first time in the course of litigation); and

9. <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

7

   c. <u>Limited Disclosure of Highly Confidential Information</u>.  Information designated as Highly Confidential Information shall not be disclosed, except pursuant to further order of this Court, to any person other than individuals in subparagraphs (1), (3), (4), (5), (6), (8) or (9) of Paragraph 5(b), subject to the following additional requirements with regard to disclosures of Highly Confidential Information to any outside consultant, investigator, or expert ("Outside Expert"): (i) such Outside Expert is not presently retained or employed by the parties to this action for purposes other than the litigation of this action; and (ii) the foregoing executed Attachment A is served by the party proposing to make the disclosure of Highly Confidential Information of another party ("the Designating Party") with a current *curriculum vitae* of the Outside Expert at least fourteen (14) days before access to Highly Confidential Information is to be given to that Outside Expert, whereupon the Designating Party shall have seven (7) days to serve a written objection to the disclosure of the Highly Confidential Information to the identified Outside Expert, whereupon the parties shall promptly meet and confer in a good faith effort to resolve any objections, but if such parties remain unable to resolve the objection(s), then the Designating Party shall promptly (but in no event later than seven (7) days from receipt of the written objection, except by mutual agreement of the parties) file a motion in this action seeking a protective order, and no disclosure of the Highly Confidential Information to the identified Outside Expert shall occur until the motion is resolved.

   d. <u>Control of Documents</u>.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Highly Confidential Information pursuant to the terms of this Order.  Counsel shall

8

maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

6.      Filing Confidential Information with the Court.

      a.      Filing Party's Confidential Information.  This Order does not, by itself, authorize the filing of any document under seal. In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as Confidential Information or Highly Confidential Information, the filing party must comply with LR 83.12 and AP 3.3 for filing the confidential document under seal.

      b.      Non-Filing Party's Confidential Information.  In the event that the filing party seeks to file, or reference in any filing, a document that the non-filing party designated as Confidential Information or Highly Confidential Information under this Protective order, the filing party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the document in whole or in part on the public docket.  If the parties are unable to reach an agreement, the filing party shall prepare two versions of the filings, a public and a confidential version.  The public version shall contain a redaction of references to documents containing Confidential Information or Highly Confidential Information and shall be filed with the Court.  The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the Court provisionally under seal pursuant to LR 83.12 and AP 3.3 indicating that the non-filing party seeks to maintain the confidentiality of the redacted material.  The party seeking to maintain the confidential status shall file a motion to seal in accordance with Local Rule 83.12(c) and AP 3.3 within three (3)

business days of the filing. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the Court without further notice or hearing.

7. <u>No Greater Protection of Specific Documents</u>. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

8. <u>Challenges by a Party to Designation as Confidential</u>. The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party at any time during the litigation. The following procedure shall apply to any such challenge.

    a. <u>Objection to Confidentiality</u>. After receipt of any document designated Confidential Information or Highly Confidential Information, or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. Confidential Information or Highly Confidential Information to which an objection has been made shall remain protected under the terms of this Order until designated otherwise by waiver, agreement or order of the Court.

    b. <u>Obligation to Meet and Confer</u>. The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the designation

10

as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

    c. <u>Obligation to File Motion</u>. If the parties cannot reach agreement as to any documents designated Confidential Information or Highly Confidential Information, for the purpose of discovery, the designating party shall file with the Court within thirty (30) days of the service of the objection a motion to retain the designation. The moving party has the burden to show good cause for the designation. The failure to file the motion waives the designation of documents to which an objection was made.

9.   <u>Court Not Bound By Parties' Designation</u>. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery, filed with the Court, or used during any hearing or at trial.

10.   <u>Use of Confidential Documents or Information at Hearing or Trial</u>. A party who intends to present or anticipates that another party may present at any hearing or at trial Confidential Information or Highly Confidential Information, or information derived therefrom, shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

11.   <u>Obligations on Conclusion of Litigation</u>.

    a. <u>Order Remains in Effect</u>. Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the

Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

    b.    <u>Return or Destruction of Confidential Information and Highly Confidential Information</u>.  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all documents treated as Confidential Information or Highly Confidential Information under this Order, including copies, unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain any documents filed with the Court, transcripts, trial exhibits, and attorney work product, including an index which refers or relates to information designated Confidential or Attorney Confidential, so long as these materials shall continue to be protected under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents containing Confidential Information or Highly Confidential Information.

    c.    <u>Deletion of Documents Filed under Seal from ECF System</u>.  Filings with the Court under seal shall remain in the ECF system and not be deleted except by order of the Court.

12.    <u>Order Subject to Modification</u>.  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning

the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

13. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Confidential Information or Highly Confidential Information by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms as well as any other person or party producing documents, information, or testimony in this action.

SO ORDERED this 23 day of JANUARY, 2023,

SDElliott

U.S. District Judge

**Attachment A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>      Defendants. | Case No. 1:22-cv-00401-SE |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2023, in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of New Hampshire in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court or for other relief under the Protective Order agreement.

Date: _____                         _____
                                                                    Printed Name

                                                                    _____
                                                                    Signature