UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Frost Solutions, LLC

    v.                                        Case No. 22-cv-401-SE

Patrick Baglien, et al.

**ORDER**

Plaintiff Frost Solutions, LLC[1] filed suit against defendants Patrick Baglien, Christopher Lareau, and Vue Robotics, LLC (collectively "Defendants"), alleging claims of trade secret misappropriation, breach of contract, and breach of fiduciary duties. Before the court is Defendants' motion to compel (Doc. No. 37), which seeks: (1) the production of emails where either Mr. Baglien or Mr. Lareau are identified as the custodian; (2) the production of Slack messages involving Mr. Baglien or Mr. Lareau; and (3) "full and complete" access to Frost Control's HubSpot database. Frost objects (Doc. No. 38).

During the court's December 19, 2023 hearing on the motion to compel, Frost represented that it produced all emails and Slack messages in involving Mr. Baglien and Mr. Lareau in its

---

[1] In August 2022, plaintiff Frost Solutions, LLC ("Frost") purchased the assets of Frost Control. Frost continues to run the same business as Frost Control and became a successor to certain assets and rights of Frost Control.

possession, custody, or control. Accordingly, during the hearing, the court denied Defendants' motion to compel as moot with respect to the issues of emails and Slack messages. Frost also withdrew its request for an award of reasonable attorneys' fees under Federal Rule of Civil Procedure 37(a)(5).

The court took the remaining issue, Defendants' access to Frost Control's HubSpot database, under advisement. As explained below, Defendants have not met their burden to obtain access to Frost Control's database, and therefore, as to this issue, the motion is denied without prejudice.

**LEGAL STANDARD**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Under Rule 37, a party may move to compel the production of requested discovery materials after attempting to resolve the dispute in good faith. Fed. R. Civ. P. 37(a). "The moving party bears the initial burden of showing that it seeks relevant information that is not privileged, and if satisfied, the opposing party then bears the burden of showing that the discovery request is improper." Doyon v. Walgreen Co., No. 20-cv-788-JD, 2021 WL 6884689, at *1 (D.N.H. Feb. 19, 2021).

**DISCUSSION**

The remaining issue in Defendants' motion to compel arises from the following requests for production of documents:

> 11. All documents to support Your contention that Mr. Baglien, Mr. Lareau, and/or Vue Robotics misappropriated and/or misused each such trade secret produced in response to Request No. 10.
>
> 13. All documents to support Your contention that Mr. Baglien, Mr. Lareau, and/or Vue Robotics misappropriated and/or misused each item of such confidential information produced in response to Request No. 12.

In response to these requests, Frost produced nine spreadsheets containing customer and deal information that Mr. Baglien and/or Mr. Lareau allegedly downloaded from Frost Control's HubSpot database. In an effort to understand how the spreadsheets were generated, Defendants requested complete access to Frost Control's HubSpot database. After informal discovery conferences and several meet and confers on the issue, Frost agreed to have its consultant provide Defendants with a live demonstration on HubSpot. The demonstration took place in November 2023.[2] During the demonstration, Frost's consultant provided a high-level overview of steps taken to download two of the

---

[2] The court notes that Frost agreed to this demonstration in July 2023 but did not schedule the demonstration until after Defendants filed their motion to compel.

spreadsheets at issue and an explanation of the query that was run to generate each of the nine spreadsheets. Defendants, however, maintain that the demonstration was inadequate. Specifically, they assert that the interests of fairness require Defendants to have complete access to Frost Control's HubSpot database in order to evaluate the veracity of the spreadsheets. In their motion to compel, Defendants neither narrowed the scope of their request to address relevancy nor provided authority for such complete access.

Defendants' request to inspect and test Frost Control's HubSpot database is governed by Federal Rule of Civil Procedure 34. See Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated documents or electronically stored information . . . ."). While Rule 34 allows for the production of electronically stored information, it "is not meant to create a routine right of direct access to a party's electronic information system . . . ." See Fed. R. Civ. P. 34(a), Advisory Committee Notes (2006). Rather, courts should "guard against undue intrusiveness resulting from inspecting or testing such systems." Id.

4

Access to a party's electronic information system "is typically only permitted where there has been a showing of noncompliance with discovery rules."  See Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc., No. 20-cv-7404, 2022 WL 2316228, at *2 (N.D. Ill. June 28, 2022) (citing In re Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003)).  Moreover, no access will be permitted when the requesting party fails to identify with "reasonable particularity each item or category of items to be inspected," and "specify a reasonable time, place, and manner for the inspection and for performance of the related acts" as required by Rule 34(b).  See Gonzalez v. Ocwen Loan Servicing, LLC, No. 5:18-cv-340-oc-30PRL, 2018 WL 6653297, at *2 (M.D. Fla. Dec. 19, 2018) (denying a motion to compel where plaintiff neither explained with particularity how an inspection may take place nor proposed safeguards to address defendant's concerns about the privacy and integrity of its systems).

Here, Defendants have not met their burden to show that they are entitled to complete access to Frost Control's HubSpot database when only a narrow subset of the database is at issue in this case.  Specifically, Defendants' discovery requests seek documents supporting Frost's contention that Defendants misappropriated Frost's trade secrets.  In response to those

5

requests, Frost produced only nine spreadsheets generated from Frost Control's HubSpot database and identified no other database information as responsive.  Given the narrower scope of Frost's production, complete access to the database is neither relevant nor proportional to the needs of the case, and Defendants make no argument to the contrary.

In addition, Defendants present no evidence of Frost's noncompliance with discovery rules to justify access to the database.  Further, beyond proposing that the database information be designated as attorneys' eyes only, Defendants neither specify how an inspection would take place nor propose safeguards or parameters to address Frost's legitimate privacy and security concerns.  Finally, as noted by Frost, expert discovery will likely yield the information sought by Defendants.  For example, Defendants can obtain a more detailed demonstration or explanation of how the spreadsheets were generated during a deposition of Frost's consultant.  Accordingly, Defendants' motion to compel is denied without prejudice to Defendants raising the issue after first attempting to obtain the information they seek through expert discovery.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel (Doc. No. 37) is DENIED without prejudice as to the issue of

access to Frost Control's HubSpot database and is DENIED as moot with respect to the issues of emails and Slack messages.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 3, 2024

cc: Counsel of Record