UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>      Defendants. | Civ. Action No. 1:22-cv-00401-SE<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT CHRISTOPHER LAREAU'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON ONE ASPECT OF COUNT III
(BREACH OF SEPARATION AGREEMENT)**

Pursuant to Fed. R. Civ. P. 56, Defendant Christopher Lareau ("Lareau"), through counsel, moves for partial summary judgment to dismiss, as a matter of law, Count III (Breach of Separation Agreement) insofar as it alleges a breach of an unenforceable covenant not to compete.

As detailed more fully in the Memorandum of Law filed contemporaneously herewith, Count III alleges that Lareau breached the September 30, 2021 separation agreement (the "Separation Agreement") he entered into with his then employer Frost Control Systems, Inc. d/b/a Frost Technologies ("Frost Control") by, *inter alia*, violating the non-competition provision contained within the Separation Agreement (the "Non-Compete"). Plaintiff Frost Solutions, LLC ("Frost Solutions") was not a party to the Separation Agreement, and thus its rights thereunder arise *solely* from a purported assignment of the Separation agreement, an assignment to which Lareau did not consent. Indiana law (which governs the Separation Agreement) provides that non-competition agreements are personal services contracts that cannot be assigned

without the express consent of the employee. Accordingly, the Non-Compete is unenforceable, and Lareau is entitled to judgment as a matter of law on that issue.

Because Frost Solutions persists in its effort to enforce the Non-Compete – even after being presented with caselaw that leaves no room for reasonable debate about the unreasonable and groundless nature of its claim – Lareau also seeks recovery of the attorneys' fees and costs he and the other defendants have incurred in the defense of that claim under Indiana Code Section 34-52-1-1.

## ORAL ARGUMENT REQUESTED

Pursuant to LR 7.1(d), Lareau requests oral argument to explain why the material undisputed facts demonstrate that Frost Solutions cannot enforce the Non-Compete against Lareau as a matter of law. Lareau further requests oral argument to answer questions the Court has about the material undisputed facts and/or the law in this case.

**WHEREFORE**, Lareau respectfully requests that the Court:

(1) Determine that Frost Solutions cannot enforce the Non-Compete against him;

(2) Dismiss Count III of the Complaint insofar as it seeks to enforce the Non-Compete;

(3) Award him and the other defendants the attorneys' fees and costs they have incurred defending against this baseless claim that should never have been brought; and

(4) Grant all such other relief as the Court deems just and appropriate.

Dated: March 12, 2024          Respectfully submitted,

**CHRISTOPHER LAREAU**

By his attorneys,

 */s/ Kierstan E. Schultz*
Kierstan E. Schultz (N.H. Bar No. 20682)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH  03101
Tel: (603) 628-4031
Fax:  (603) 628-4040
Email:  kschultz@nixonpeabody.com

Jason C. Kravitz (admitted *pro hac vice*)
Gina M. McCreadie (admitted *pro hac vice*)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, Massachusetts  02109
Tel:  (617) 345-1000
Fax:  (617) 345-1300
Email:  jkravitz@nixonpeabody.com
        gmccreadie@nixonpeabody.com


**CERTIFICATE OF SERVICE**

I, Kierstan E. Schultz, hereby certify that the foregoing *Defendant Christopher Lareau's Motion for Partial Summary Judgment on One Aspect of Count III (Breach of Separation Agreement)* was filed through the ECF system and served electronically on the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 12, 2024

         */s/ Kierstan E. Schultz*
         Kierstan E. Schultz, Esq.