**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>            Defendants. | Case No. 1:22-cv-00401-SE |

**PLAINTIFF'S MOTION FOR EXTENSION OF FACT DISCOVERY DEADLINE AND ALL REMAINING DEADLINES IN THE DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and Local Rules 7.1 and 7.2, Plaintiff Frost Solutions, LLC ("Plaintiff"), through its undersigned counsel, moves this Court to extend the deadline to complete fact discovery by sixty (60) days from April 19, 2024, up to and including June 18, 2024, and extend accordingly all remaining deadlines in the Discovery Plan.[1] In support of this Motion, Plaintiff states as follows:

1.      Under the current Discovery Plan, the deadline to complete fact discovery is April 19, 2024.

2.      In January 2024, Plaintiff and Defendants (collectively, the "Parties"), through counsel, reached an agreement to stay discovery while the Parties discussed settlement. *See* Affidavit of Todd Rowden, ¶ 3, filed herewith.

---

[1]  The original Discovery Plan (Doc. 25) was amended by the Parties' Joint Motion for Extension of Fact Discovery Deadline and all Remaining Deadlines in the Discovery Plan (Doc. 36), which was filed on Oct. 13, 2023, and approved by this Court by order dated Oct. 17, 2023.

3.      The Parties also agreed at that time that they would set a new discovery schedule to extend the discovery deadlines in the event the Parties' discussions did not result in a settlement.  *Id.* at ¶ 4.

4.      For several weeks, from approximately January 26, 2024 through March 11, 2024, the Parties conducted settlement discussions to potentially resolve this dispute, which were ultimately unsuccessful.  *Id.* at ¶ 5.

5.      Thus, in accordance with the Parties' original agreement to extend the discovery deadlines if the discussions did not result in a settlement, on March 13, 2024, Plaintiff sent Defendants a draft *joint* motion to extend the fact discovery deadline and all remaining deadlines in the Discovery Plan.  *Id.* at ¶ 6.

6.      On March 15, 2024, counsel for Defendants responded by stating that Defendants believed they were no longer bound by their prior agreement to reset the discovery deadlines because Plaintiff purportedly did not discuss settlement in "good faith" because Plaintiff rejected Defendants' settlement proposal and Defendants have not accepted Plaintiff's settlement proposal.  *Id.* at ¶ 7.  This alleged "good faith" exception to the Parties' agreement to seek a reset of discovery dates was first floated by Defendants when presented with the draft joint motion, and had never been mentioned before.  *Id.*  It is purely pretextual because the fact that parties have not accepted settlement offers is not only not indicative of "bad faith," but is also not uncommon in settlement discussions.  Moreover, the alleged bad faith is, not surprisingly, ill-defined.  Why would Plaintiff's refusal to settle on Defendants' terms or Plaintiff seeking a reset of discovery deadlines after settlement discussions did not result in settlement be indicia of bad faith?  Defendants' position would mean that every unsuccessful settlement negotiation followed by a requested extension to allow for the pause in the case during negotiations evidences bad faith.  Not only does this make no sense, but it would deter parties from doing exactly what

2

occurred here, *i.e*., pausing discovery and attendant time and expense in an effort to resolve the dispute.

7. Nevertheless, counsel for Defendants stated that Defendants would honor the Parties' original agreement *if*, and *only if*, Plaintiff agreed to another mediation. Plaintiff has declined to participate in another mediation at this time. *Id.* at ¶ 8.

8. Plaintiff now requests an extension of the discovery deadlines, which will allow the Parties to resume and complete the discovery process, including the productions of remaining discovery by the Parties, as well as the completion of depositions.

9. Additionally, on March 12, 2024, Defendant Christopher Lareau filed a Motion for Partial Summary Judgment on One Aspect of Count III (Doc. 58), and an extension of the discovery deadlines will allow Plaintiff to investigate any additional facts necessary to respond to Defendant Lareau's motion. Further, on March 13, 2024, Defendants filed a motion for leave to assert counterclaims in this case (Doc. 59). In the event that this Motion is granted, the requested extension of discovery deadlines should also allow the Parties to conduct any additional discovery relating to Defendants' proposed counterclaims.

10. Pursuant to Local Rule 7.2(a)(ii), the requested extensions to the current deadlines are listed below. The information below is also contained in Civil Form 3, filed herewith in accordance with Local Rule 7.2(a)(iii).

| Scheduling Designation | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline to complete fact discovery | 4/19/2024 | 6/18/2024 |
| Deadline to serve initial expert reports by party who has the burden of proof | 5/17/2024 | 7/16/2024 |
| Deadline to serve rebuttal expert reports | 6/14/2024 | 8/13/2024 |
| Deadline to complete expert discovery | 7/19/2024 | 9/17/2024 |
| Deadline to file motions for summary judgment | 8/16/2024 | 10/15/2024 |

| **Scheduling Designation** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Deadline to file challenges to expert testimony | 11/1/2024 | 12/31/2024 |
| Deadline for supplementation under Fed. R. Civ. P. 26(e)(2) for party with the burden of proof | 11/22/2024 | 1/21/2025 |
| Deadline for responsive supplementation under Fed. R. Civ. P. 26(e)(2) | 12/11/2024 | 2/10/2025 |
| Two-week jury trial to begin | 1/22/2025 | 4/15/2025 |

11. Pursuant to Local Rule 7.2(a)(i)-(ii), this Motion, if granted, will result in an extension of all remaining discovery and other deadlines in the Discovery Plan as identified above.

12. This Motion, if granted, will result in the continuance of the trial in this case. Pursuant to Local Rule 7.2(c), undersigned counsel hereby certifies that their client has been notified of the reasons for the requested continuance and have assented thereto.

13. In accordance with Local Rule 7.1(c), Plaintiff's counsel certifies that they conferred with Defendants' counsel, who advised that they do not assent to the relief sought in this Motion.

14. Pursuant to Local Rule 7.1(a)(2), Plaintiff believes that a supporting memorandum is unnecessary because the relief requested herein is discretionary.

WHEREFORE, Plaintiff Frost Solutions, LLC respectfully requests that the Court:

(A)     Grant this Motion and extend the remaining deadlines in the Discovery Plan, including the trial date, as set forth above and in the completed Civil Form 3 submitted herewith; and

(B)     Grant such other and further relief as the Court may deem just and equitable under the circumstances.

Dated: March 20, 2024                              Respectfully submitted,

**FROST SOLUTIONS, LLC**,

By its attorneys,

/s/ *Laura L. Carroll*
Laura L. Carroll (NH Bar No. 17444)
BURNS & LEVINSON LLP
125 High Street
Boston, MA 02110
Tel:    (617) 345-3000
Fax:   (617) 345-3299
Email: lcarroll@burnslev.com

Todd A. Rowden (admitted *pro hac vice*)
James L. Oakley (admitted *pro hac vice*)
T. Hudson Cross, IV (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel:    (312) 527-4000
Fax:   (312) 527-4011
Email: trowden@taftlaw.com
           joakley@taftlaw.com
           hcross@taftlaw.com

Amir R. Tahmassebi (admitted *pro hac vice*)
KONICEK & DILLON, P.C.
70 West Madison Street, Suite 2060
Chicago, IL 60602
Tel:    (312) 328-9166
Fax:   (630) 262-9659
Email: amir@konicekdillonlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically served copies of this document and exhibit thereto on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: March 20, 2024                                               /s/ *Laura L. Carroll*