**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>Defendants. | Case No. 1:22-cv-00401-SE |

**AFFIDAVIT OF TODD ROWDEN IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF FACT DISCOVERY DEADLINE AND ALL REMAINING DEADLINES IN THE DISCOVERY PLAN**

I, Todd Rowden, being first duly sworn, deposes and states as follows:

1. This Affidavit is offered in support of Plaintiff's *Motion for Extension of Fact Discovery Deadline and All Remaining Deadlines in the Discovery Plan*.

2. I am an attorney at the law firm of Taft Stettinius & Hollister LLP, 111 East Wacker Drive, Suite 2600, Chicago, IL 60601, and counsel for Plaintiff Frost Solutions, LLC ("Plaintiff") in the above-captioned matter.

3. In January 2024, counsel for Plaintiff and Defendants (the "Parties") reached an agreement to stay discovery while the Parties discussed settlement.

4. The Parties also agreed to set a new discovery schedule to extend the discovery deadlines in the event the discussions did not result in a settlement.

5. For several weeks, from approximately January 26, 2024 through March 11, 2024, the Parties conducted settlement discussions to potentially resolve this dispute, which were unsuccessful.

6. Accordingly, based on the Parties' original agreement to extend the discovery deadlines if the discussions did not result in settlement, on March 13, 2024, Plaintiff sent Defendants a draft joint motion to extend the fact discovery deadline and all remaining deadlines in the Discovery Plan.

7. On March 15, 2024, Defendants' counsel responded by stating that Defendants believed they were no longer bound by their prior agreement to reset the discovery deadlines because Plaintiff purportedly did not discuss settlement in "good faith" because Plaintiff rejected Defendants' settlement proposal and Defendants have not accepted Plaintiff's settlement proposal. Defendants first floated this "good faith" exception to the Parties' agreement to seek a reset of the discovery dates when they were presented with the draft joint motion, and it was never previously mentioned.

8. Counsel for Defendants stated that Defendants would honor the Parties' original agreement only if Plaintiff agreed to another mediation. Plaintiff declined another mediation.

Dated: March 20, 2024  /s/ Todd Rowden
Todd Rowden

STATE OF ILLINOIS

COOK COUNTY ss.

Signed and sworn to (or affirmed) before me on March 20, 2024, by Todd Rowden.

Dated: March 20, 2024  /s/ Bridget Nowicki
Bridget S. Nowicki
Notary Public
Commission Expires: May 2, 2026

"OFFICIAL SEAL"
BRIDGET SULLIVAN NOWICKI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5/2/2026