UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>                   Plaintiff,<br><br>    v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU,<br>and VUE ROBOTICS, LLC,<br><br>                   Defendants. | Civ. Action No. 1:22-cv-00401-SE<br><br>**REQUEST FOR EXPEDITED TREATMENT** |

**DEFENDANTS' MOTION FOR REFERRAL TO
MEDIATION AND STAY OF PROCEEDINGS**

Pursuant to LR 53.1(c) and the Court's inherent power, Defendants Patrick Baglien, Christopher Lareau, and Vue Robotics, LLC (collectively, "Defendants"), through counsel, respectfully request that the Court refer this case to mediation before Judge Johnstone at her earliest convenience and enter a brief stay of proceedings, including all remaining deadlines in the Discovery Order (ECF No. 36, as endorsed by the Court on October 17, 2024), until such mediation is completed. Defendants believe this is a case that can – and should – settle, but they need assistance from the Court to do so.

In support of this motion, Defendants state as follows:

1.       Pursuant to LR 53.1(c)(3), the Court "at any time may refer a case to mediation." The Court also has "broad discretion to stay proceedings and discovery by virtue of [its] inherent power to control [its] own dockets." *Drewniak v. U.S. Customs & Border Prot.*, 563 F. Supp. 3d 1, 3 (D.N.H. 2021). "The party requesting a stay has the burden of demonstrating its necessity." *Id.* Only "[i]f there is a 'fair possibility' that a stay would damage another party, the requesting

party must demonstrate the stay's necessity by establishing 'a clear case of hardship or inequity in being required to go forward.'" *Id.* (citations omitted).

2. As the Court is aware, on August 4, 2023, Defendants and Plaintiff Frost Solutions, LLC ("Frost Solutions") (together, the "Parties") filed a *Joint Statement Regarding Status of Discovery and Mediation* (ECF No. 34), in which they agreed "that mediation may be a productive way to resolve this matter."

3. On October 13, 2023, in their *Joint Motion for Extension of Fact Discovery Deadline and All Remaining Deadlines in the Discovery Plan* (ECF No. 36), the Parties reported to the Court that they had a mediation scheduled for October 23, 2023 and requested an extension of deadlines that would allow the Parties to focus on the mediation and potentially resolve this matter, which the Court granted by endorsed order on October 17, 2023.

4. Under this extension, the deadline to complete fact discovery is April 19, 2024. (ECF No. 36, as endorsed by the Court on Oct. 17, 2023.)

5. On October 23, 2023, the Parties participated in mediation, and continued that mediation for a second day on November 27, 2023, before a private mediator. While progress was made, no agreement was reached.

6. On December 19, 2023, Frost Solutions' then-lead counsel inquired whether Defendants were amenable to further mediation. While Defendants' counsel responded that further mediation before the private mediator would not be productive, if Frost Solutions wanted to resume settlement discussions, it should make a demand within remaining limits on Defendants' insurance policy. Following this discussion, Frost Solutions' then-lead counsel disappeared from the case, and later withdrew his appearance. (ECF No. 55.)

7.  In January 2024, counsel for Defendants reached out to Frost Solutions' new lead counsel to gauge Frost Solutions' interest in settling the case for remaining policy limits ($X). During that discussion, Defendants also offered, as a gesture of good faith, that Defendants would "put pencils down" for two weeks to conserve those limits if Frost Solutions confirmed interest in resolving the dispute for policy limits.

8.  The following morning, Frost Solutions confirmed its interest and appreciated the "pencils down" agreement while the Parties worked towards a resolution.

9.  However, over the ensuing six weeks, Frost Solutions made only one demand – that demand was for nearly $3X and was actually higher than Frost Solutions' last mediation offer in November 2023.

10. When Defendants served a settlement offer for $X, as originally confirmed, coupled with an offer of judgment for the same amount, to Defendants' surprise, Frost Solutions abruptly ended discussions.  Within days thereafter, Frost Solutions requested Defendants to consent to a lengthy extension of fact discovery and a four-month continuance of the trial date and send Defendants a proposed joint motion to do so.

11. While Defendants do not oppose extending the deadlines in this case,[1] Defendants believe the Court should condition any extension on the Parties giving mediation one final attempt – in person, before Judge Johnstone.  Indeed, there appears to still be interest on both sides in resolving this matter (notwithstanding the foregoing backdrop and conduct).

---

[1] It is not accurate to say that Defendants' counsel agreed to extend discovery deadlines in a vacuum.  Rather, Defendants' counsel was operating on the assumption – based on representations made by Frost Solutions' new lead counsel – that Frost Solutions was engaged in good-faith negotiations after that was expressly confirmed in writing.  Unfortunately, time revealed – based on receiving a settlement offer three times the discussed amount (which was also higher than the last mediation offer made in November 2023) – that Frost Solutions was not negotiating in good faith.

12. The circumstances have also changed since the last mediation. Defendants have now moved for partial summary judgment to dismiss Frost Solutions' non-compete claim (its most expansive claim) because the covenant is unenforceable under Indiana law, which governs. Defendants have also sought unopposed leave to assert a counterclaim, and filed a related show-cause motion, flowing from Frost Solutions' misuse of information designated "Confidential" under the protective order, which Frost Solutions used as part of a scheme to persuade Defendants' insurance carrier to revoke coverage based on false information. Defendants contend that these submissions will impact the case and mediation.

13. Based on the foregoing, Defendants request that the Court enter an order – prior to entering any discovery extension – directing that the Parties first mediate, in person, with Judge Johnstone and that the proceedings be stayed until the mediation is completed to allow the Parties to focus fully on resolving this matter and to conserve resources that are better directed to settlement.

14. Importantly, there is no prejudice or harm to Frost Solutions by referring this matter to mediation now and entering a brief stay of proceedings until the mediation is concluded. If Judge Johnstone cannot forge a settlement, then trial seems unavoidable, the stay will be lifted, and the Parties can submit an amended discovery order for the Court's consideration. Having shown little zeal for prosecuting this case over the past seventeen months (Frost Solutions has yet to take a single deposition), Frost Solutions cannot reasonably object to, or claim it will be harmed by, affording Judge Johnstone an opportunity to assist the Parties in resolving the dispute before policy limits evaporate and settlement literally becomes impossible.

15. Pursuant to LR 7.1(c), lead counsel for Defendants has shared this extension proposal with Frost Solutions' new lead counsel, whom Defendants' counsel holds in very high

regard. He indicated that Frost Solutions does not support it. That said, in Frost Solutions' counsel communication with the Court on March 18, 2024 (in response to Defendants' request for an informal discovery conference), he indicated that Frost Solutions would be open to a settlement demand that "interests" Frost Solutions.

16. Pursuant to LR 7.1(a)(2), no memorandum of law is needed, as Defendants cite the applicable rules and caselaw herein and the relief requested is within the sound discretion of the Court.

17. Pursuant to LR 7.1(f), Defendants respectfully request expedited consideration of this motion. The close of the already-extended fact discovery period is April 19, 2024 and the requested relief will afford the Parties an opportunity to resolve this matter without needing to request an extension of the deadlines.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court:

1. Refer this matter to in-person mediation before Judge Johnstone at her earliest convenience;

2. Enter a stay of proceedings until such mediation has concluded; and

3. Award such additional relief that the Court deems just and necessary.

Dated:  March 20, 2024

Respectfully submitted,

**PATRICK BAGLIEN, CHRISTOPHER LAREAU, AND VUE ROBOTICS, LLC,**

By their attorneys,

 */s/ Kierstan E. Schultz*
Kierstan E. Schultz (N.H. Bar No. 20682)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH  03101
Tel: (603) 628-4031
Fax:  (603) 628-4040
Email:  kschultz@nixonpeabody.com

 */s/ Jason C. Kravitz*
Jason C. Kravitz (admitted *pro hac vice*)
Gina M. McCreadie (admitted *pro hac vice*)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, Massachusetts  02109
Tel:  (617) 345-1000
Fax:  (617) 345-1300
Email:  jkravitz@nixonpeabody.com
          gmccreadie@nixonpeabody.com

**CERTIFICATE OF CONCURRENCE**

 Undersigned counsel certifies that counsel for Defendants sought concurrence of counsel for Frost Solutions regarding the relief sought in this motion via email on March 15, 2024. Counsel for Frost Solutions responded that Frost Solutions does not consent to this relief.

Dated:  March 20, 2024         */s/ Kierstan E. Schultz*
                   Kierstan E. Schultz, Esq.

**CERTIFICATE OF SERVICE**

 I, Kierstan E. Schultz, hereby certify that the foregoing *Defendants' Motion for Referral to Mediation and Stay of Proceedings* was filed through the ECF system and served electronically on the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  March 20, 2024         */s/ Kierstan E. Schultz*
                   Kierstan E. Schultz, Esq.