**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

FROST SOLUTIONS, LLC,

Plaintiff,

v.

PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,

Defendants.

Civ. Action No. 1:22-cv-00401-SE

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF FACT DISCOVERY DEADLINE AND ALL REMAINING DEADLINES IN THE DISCOVERY PLAN**

Defendants Patrick Baglien, Christopher Lareau ("Lareau"), and Vue Robotics, LLC (collectively, "Defendants"), through counsel, submit this opposition to Plaintiff Frost Solutions, LLC's ("Frost Solutions") motion to extend the fact discovery deadline and all remaining deadlines in the discovery plan (the "Motion" or "Mot."). As detailed in *Defendants' Motion for Referral to Mediation and Stay of Proceedings* (ECF No. 66) ("Defendants' Mediation Request"), which Defendants incorporate herein by reference, Defendants do not oppose the Court extending these deadlines, *provided* that before any extension is granted, the Parties are ordered to mediate in person with Judge Johnstone, at her earliest convenience. Defendants also request the Court enter a brief stay of proceedings, pending the mediation, to allow the parties to conserve resources that are better directed to settlement. Indeed, as detailed in Defendants' Mediation Request, this is likely the last opportunity the parties will have to settle the case.

In further support of this opposition, Defendants state:

1. Pursuant to LR 53.1(c)(3), the Court "at any time may refer a case to mediation." The Court also has "broad discretion to stay proceedings and discovery by virtue of [its] inherent

power to control [its] own dockets." *Drewniak v. U.S. Customs & Border Prot.*, 563 F. Supp. 3d 1, 3 (D.N.H. 2021).

2. On October 23, 2023, at Frost Solutions' request, the Parties mediated before a private mediator and, also at Frost Solutions' request, continued that mediation for a second day on November 27, 2023. While progress was made, no agreement was reached. *See Declaration of Jason C. Kravitz* ("Kravitz Decl.") at ¶ 3 (filed contemporaneously herewith).

3. On December 19, 2023, Frost Solutions' then lead counsel inquired whether Defendants were amenable to further mediation. While Defendants' counsel responded that further mediation before the private mediator would not be productive, he stated that if Frost Solutions wanted to resume settlement discussions, it should make a demand within remaining limits on Defendants' insurance policy. *Id*. at ¶ 4. Following this discussion, Frost Solutions' then lead counsel disappeared from the case, and later withdrew his appearance. (ECF No. 55.)

4. Less than a month later, by letter dated January 11, 2024, counsel for Frost Solutions stated that he was under the impression (presumably from prior lead counsel) that Defendants remained interested in settlement. He made clear that Frost Solutions remained open to settlement. He then inaccurately summarized the parties' final positions at mediation and invited Defendants to make a proposal if they wanted to reopen negotiations. Kravitz Decl. at ¶ 5.

5. Two weeks later, on January 25, 2024, counsel for Defendants reached out to Frost Solutions' new lead counsel to gauge Frost Solutions' interest in settling the case for remaining policy limits ($X). Defendants' counsel made clear during this discussion that he was not authorized to offer $X but that, if Frost Solutions was interested, he would work to get that authority. Defendants' counsel also made clear that $X meant $X, and Frost Solutions should

not counter with a higher demand. *Id.* at ¶ 6. During this discussion, Defendants' counsel also offered, as a gesture of good faith, that Defendants would "put pencils down" for two weeks to conserve those policy limits *if Frost Solutions confirmed interest in resolving the dispute for policy limits*. *Id*. at ¶ 7.

6. It never occurred to Defendants' counsel to articulate that this process was premised on Frost Solutions' good-faith participation in settlement discussions, as that would surely be implicit in any such discussions. *Id*. at ¶ 8.

7. The following morning, Frost Solutions' counsel confirmed his client's interest in pursuing a settlement for policy limits and agreed to two weeks of "pencils down" while the Parties worked toward a resolution. *Id*. at ¶ 9.

8. Unfortunately, over the ensuing six weeks, Frost Solutions made only one settlement demand – *that demand was for nearly $3X and was actually higher than Frost Solutions' last mediation offer in November 2023*. *Id*. at ¶ 10.

9. Defendants responded by making their first offer of this process (for $X – as originally proposed by Defendants and originally confirmed by Frost Solutions), coupled with an offer of judgment for essentially the same amount. To Defendants' surprise, Frost Solutions abruptly ended discussions. Defendants felt duped. *Id*. at ¶ 11.

10. Within days, Frost Solutions – which had recently implemented a wholesale change of its legal team – requested that Defendants consent to a lengthy extension of fact discovery and a four-month continuance of the trial date and sent Defendants a proposed joint motion to do so. *Id*. at ¶ 12.

11. While Defendants do not oppose extending the deadlines in this case,[1] in view of the foregoing backdrop and Frost Solutions' conduct, Defendants believe the Court should condition the granting of any extension on the parties being ordered to give mediation one final attempt – in person, before Judge Johnstone (at her earliest convenience). Indeed, there appears to still be interest on both sides in resolving this matter. In his email to the Court on March 18, 2024 (in response to Defendants' request for an informal discovery conference), Frost Solutions' counsel indicated that Frost Solutions would be open to a settlement proposal that "interests" Frost Solutions.

12. In addition, the circumstances have changed since the last mediation. Lareau has moved for partial summary judgment to dismiss Frost Solutions' non-compete claim (its most expansive claim) because the covenant is unenforceable under Indiana law, which governs that covenant.[2] Defendants have also sought unopposed leave to assert a counterclaim – and have filed a related show-cause motion – flowing from Frost Solutions' misuse of information designated "Confidential" under the protective order, which Frost Solutions used as part of a scheme to persuade Defendants' insurance carrier to revoke coverage based on false information. (ECF Nos. 59, 60). Defendants contend that these submissions will impact the case and mediation.

[1] In fact, Defendants would consider requesting an even longer extension of the fact-discovery period if mediation is unsuccessful.

[2] Frost Solutions claims that "an extension of the discovery deadlines will allow [it] to investigate any additional facts necessary to respond to [] Lareau's motion." Mot. at ¶ 9. This is a pretext. There are no disputed material facts concerning that motion, and any contention that Frost Solutions needs time to investigate additional facts is designed to delay the inevitable dismissal of the non-compete claim that Frost Solutions should never have brought. In any event, Frost Solutions' opposition to the summary judgment motion is due on April 11, 2024, prior to the *current* close of fact discovery.

13. In the Motion, Frost Solutions contends that the parties agreed in January 2024 "that they would set a new discovery schedule to extend the discovery deadlines in the event the Parties' discussions did not result in settlement." Mot. at ¶ 3. This is a warped view of what transpired and disregards the significance of good faith and fair dealing in any discussions between litigants. The January 2024 discussion was about whether Frost Solutions was interested in resolving the dispute for remaining policy limits ($X). Any discussion or contemplation of potentially seeking to extend discovery deadlines was *expressly premised on Frost Solutions first confirming its interest in settling for remaining policy limits* – which Frost Solutions' new lead counsel did (in writing) the very next morning (January 26). There was no miscommunication or ambiguity at that time or any time thereafter. Kravitz Decl. at ¶ 13. Defendants certainly did not agree to support an unconditional extension of the fact-discovery period in the event Frost Solutions decided to backtrack, as it did, and demand nearly three times the figure it initially confirmed. *Id.* at ¶ 14. That is not good-faith negotiation. It is surprising that Frost Solutions could possibly be frustrated by Defendants' reaction to its failure to engage in good-faith negotiations by asking the Court to condition any extension on mediation.[3] Indeed, Defendants are agreeing, subject to the Court's approval, to extend all case deadlines – *if mediation before Judge Johnstone is unsuccessful*.

14. Based on the foregoing, the Court should not grant Plaintiff's Motion without ordering that the parties first mediate, in person, with Judge Johnstone. To preserve remaining

[3] Importantly, Defendants do not contend that Frost Solutions' refusal to settle the case for remaining policy limits ($X) – in isolation – constitutes "bad faith." Rather, it was Frost Solutions' demand for $3X after confirming its interest in resolving the matter for remaining policy limits ($X) and then Frost Solutions abruptly terminating settlement discussions when it received the $X offer in response that constitutes bad faith. That said, Defendants believe, with Judge Johnstone's assistance, that a resolution can still be reached.

policy limits, Defendants further request that the Court also stay the proceedings until the parties can spend a day with Judge Johnstone. If Judge Johnstone cannot forge a settlement, then trial seems unavoidable, the stay will be lifted, and the Parties can submit an amended discovery order for the Court's consideration.

15. There is no prejudice or harm to Frost Solutions by referring this matter to mediation now and entering a brief stay of proceedings until the mediation is concluded. Having shown little zeal for prosecuting this case over the past seventeen months (Frost Solutions has yet to take a single deposition), Frost Solutions cannot reasonably object to, or claim it will be harmed by, affording Judge Johnstone an opportunity to assist the parties in resolving the dispute before policy limits evaporate and settlement literally becomes impossible.

16. If the mediation with Judge Johnstone is unsuccessful, Defendants will work with Frost Solutions to propose an appropriate enlargement of the discovery and case deadlines.

**WHEREFORE**, Defendants respectfully request that the Court:

1. Deny Frost Solutions' Motion without prejudice;
2. Grant *Defendants' Motion for Referral to Mediation and Stay of Proceedings* (ECF No. 66);
3. Refer this matter to in-person mediation before Judge Johnstone at her earliest convenience;
4. Enter a stay of proceedings until such mediation has concluded; and
5. Award such additional relief that the Court deems just and necessary.

Dated: March 21, 2024

Respectfully submitted,

**PATRICK BAGLIEN, CHRISTOPHER LAREAU, AND VUE ROBOTICS, LLC,**

By their attorneys,

*/s/ Kierstan E. Schultz*

Kierstan E. Schultz (N.H. Bar No. 20682)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH 03101
Tel: (603) 628-4031
Fax: (603) 628-4040
Email: kschultz@nixonpeabody.com

*/s/ Jason C. Kravitz*

Jason C. Kravitz (admitted *pro hac vice*)
Gina M. McCreadie (admitted *pro hac vice*)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 345-1000
Fax: (617) 345-1300
Email: jkravitz@nixonpeabody.com
gmccreadie@nixonpeabody.com

**CERTIFICATE OF SERVICE**

I, Kierstan E. Schultz, hereby certify that the foregoing *Defendants' Opposition to Plaintiff's Motion for Extension of Fact Discovery Deadline and All Remaining Deadlines in the Discovery Plan*, contemporaneously with the *Declaration of Jason C. Kravitz in Support of Defendants' Opposition*, was filed through the ECF system and served electronically on the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 21, 2024

*/s/ Kierstan E. Schultz*
Kierstan E. Schultz, Esq.