**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>Defendants. | Case No. 1:22-cv-00401-SE |

**DEFENDANTS' MOTION TO SEAL AN EXHIBIT TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF FROST SOLUTIONS, LLC AND ITS PRINCIPAL MICHAEL KIRSH SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO OBEY THE PROTECTIVE ORDER**

Pursuant to LR 83.12(b) and (c) and Paragraph 6 of the Protective Order entered in this case (ECF No. 28), Defendants Patrick Baglien, Christopher Lareau, and Vue Robotics, LLC (collectively, "Defendants"), through their counsel, move to seal, at Level I, Exhibit 2 to Plaintiff Frost Solutions, LLC's ("Frost Solutions") Opposition to Defendants' Motion for Order to Show Cause Why Frost Solutions and Its Principal Michael Kirsh Should Not Be Held in Contempt of Court for Failure to Obey the Protective Order (ECF No. 68) (the "Opposition") to protect highly sensitive confidential investor information, which information was intended only to be seen by Defendants' investors and was never intended to be publicly disclosed. Defendants offered Frost Solutions a means to publicly file those portions of Exhibit 2 to the Opposition that it intended to rely on and Frost Solutions refused, insisting on filing the entirety of this exhibit provisionally under seal. In support of this Motion to Seal, Defendants state as follows:

1.      On March 28, 2024, prior to Frost Solutions filing its Opposition, the parties met and conferred on whether a version of Defendants' Annual Financial Statement produced at VUE0010539-10583 (attached as Exhibit 2 to the Opposition) needed to be provisionally filed under seal.

2.      Upon review of this document, Defendants informed counsel for Frost Solutions that the redactions on page 6 of that document were inadvertent, provided to counsel an unredacted version of the document, and offered to publicly file those portions of the document counsel indicated that Frost Solutions wanted to rely on, ultimately, with the redactions on page 6. Frost Solutions did not agree with Defendants' proposed forms of the exhibit and filed the entirety of Exhibit 2 to the Opposition provisionally under seal with the Court.

3.      Pursuant to Paragraph 6(b) of the Protective Order, Defendants, as the non-filing party, seeks to maintain the confidentiality of Exhibit 2 to the Opposition.  Specifically, Exhibit 2 is a 45-page document that contains highly-sensitive and confidential information relating to Defendants' business, risk factors, and operating and financial review, as well as detailed financials for 2022, as well as financial forecasts for 2023 and 2024 for an early-stage company. This document was created with the intent that it only be shared with Defendants' investors and was marked by Defendants in the ordinary course of their business as "Highly Confidential – For Internal Use Only" prior to its production in this action.  Indeed, given that there is heightened commercial sensitivity of this confidential investor document based on Frost Solutions and Defendants being competitors in the marketplace, Defendants designated this document as Highly Confidential Information under the Protective Order so that only Frost Solutions' counsel can have access to this document.  As such, the public disclosure of this confidential investor document would undoubtedly harm Defendants' competitive standing in the marketplace.  *See*

*West v. Bell Helicopter Textron, Inc.*, No. 10-CV-214-JL, 2014 WL 12908077, at *2 (D.N.H. Sept. 30, 2014) (compelling reasons to justify sealing of judicial records, such as exhibits, include "that the records could serve 'as sources of business information that might harm litigant's competitive standing' in the marketplace" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

4. Defendants' request to maintain the confidentiality of Exhibit 2 to the Opposition is even more dire because this commercially sensitive, confidential investor information is not even being relied upon, or referred to, by Frost Solutions in its Opposition and Defendants offered a means to allow Frost Solutions to publicly file those portions that it was relying on, which Frost Solutions rejected. As such, there is no pressing public interest in access to this particular document. Given these circumstances, Defendants should not be required to publicly disclose its confidential internal investor information. *See*, *e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013) ("recogniz[ing] the importance of protecting the public's interest in judicial proceedings and of facilitating its understanding of those proceedings," while also acknowledging "[t]hat interest, however, does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits," and concluding that, "[w]hile protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest").

5. Accordingly, Defendants respectfully request that Exhibit 2 to the Opposition remain under seal for the pendency of the litigation and thereafter unless and until the Court orders otherwise.

6.      In accordance with LR 7.1(c), Defendants' counsel made repeated efforts to confer with Frost Solutions' counsel on the issue presented in this Motion to Seal, and Frost Solutions insisted on provisionally filing the entirety of Exhibit 2 to the Opposition under seal.

7.      Pursuant to LR 7.1(a)(2), Defendants respectfully submits that no accompanying memorandum of law is necessary as all applicable legal citations are contained herein.

**WHEREFORE**, Defendants respectfully request that this Court:

(A)     Grant Defendants' Motion to Seal;

(B)     Order that Exhibit 2 to the Opposition be sealed at Level 1; and

(C)     Grant such other relief as the Court deems just and appropriate.

Dated:  April 2, 2024                                   Respectfully submitted,

**PATRICK BAGLIEN, CHRISTOPHER LAREAU, AND VUE ROBOTICS, LLC,**

By their attorneys,

*/s/ Kierstan E. Schultz*
Kierstan E. Schultz (NH Bar No. 20682)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH  03101
Tel: (603) 628-4031
Fax:  (603) 628-4040
Email:  kschultz@nixonpeabody.com

Jason C. Kravitz (admitted *pro hac vice*)
Gina M. McCreadie (admitted *pro hac vice*)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA  02109
Tel:  (617) 345-1000
Fax:  (617) 345-1300
Email:  jkravitz@nixonpeabody.com
            gmccreadie@nixonpeabody.com

## LOCAL RULE 7.1(c) CERTIFICATE

Undersigned counsel certifies that counsel for Defendants met and conferred on the issues presented in this motion by email on March 28, 2024 and could not reach a resolution.

Dated: April 2, 2024 　　　　　　　　　　*/s/ Kierstan E. Schultz*
　　　　　　　　　　　　　　　　　　　　　Kierstan E. Schultz

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing document was submitted for conventional filing by electronic mail to ecfintake@nhd.uscourts.gov, and will be served on counsel of record via electronic mail.

Dated: April 2, 2024 　　　　　　　　　　*/s/ Kierstan E. Schultz*
　　　　　　　　　　　　　　　　　　　　　Kierstan E. Schultz