**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>        Defendants. | Case No. 1:22-cv-00401-SE |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION**
**FOR REFERRAL TO MEDIATION AND TO STAY PROCEEDINGS**

Plaintiff Frost Solutions, LLC ("Frost"), objects to Defendants' Motion for Referral to Mediation and to Stay Proceedings (Doc. 66) (Defendants' Stay Motion"), which seeks to stay this action pending a proposed mediation. Both Frost and Defendants have made several earnest attempts to settle this case. The Parties participated in a daylong mediation on October 23, 2023. The case did not settle. The Parties participated in a second day of mediation on November 27, 2023, with the same mediator. The case still did not settle. In January 2024, the Parties agreed to put their pencils down and engage in further settlement negotiations. Again, the case did not settle. These good-faith but ultimately unsuccessful negotiations have led Frost to reasonably conclude that further settlement attempts, at least in the immediate term, are unlikely to yield a different result.

Defendants apparently disagree. In addition to raising their disagreement with Frost's counsel, they have pulled nearly every tool out of the box to attempt to hastily force Frost back to the negotiating table. Defendants moved to file counterclaims against Frost, moved for a

show cause order and sanctions against Frost and one of its principals (accompanied by zero evidence), and moved for summary judgment on one of Frost's claims—all within two days of each other. (*See* Docs. 58, 59, 60.) Defendants also recently attempted to leverage the deadlines in the current scheduling order, which moved closer when the Parties were busy negotiating. That is, they threatened to renege on the Parties' previous verbal agreement to ask the Court to extend the discovery deadline in the event that the early 2024 settlement negotiations were unsuccessful, *unless* Frost agreed to another mediation. (*See* Defendants' Stay Motion at 3.) Frost declined Defendants' offer/threat and had to file an opposed motion for an extension of current case deadlines (Doc. 65), rather than the anticipated joint motion for extension.[1] Following through on their threat, Defendants objected to Frost's extension motion the very next day, despite their previous agreement. (Doc. 67.)

These attempts having failed to coerce Frost to reopen settlement negotiations, Defendants now take the even more unusual step of asking the Court to issue a stay and order Frost to mediate with Defendants, for a third time in five months. Defendants' Stay Motion only serves to highlight the inconsistencies in Defendants' various recent positions. If Defendants are truly concerned about suffering prejudice if they agree to Frost's motion to extend the discovery deadlines, then why have they themselves now moved to stay this case? If Frost has not been negotiating towards settlement in good faith, as Defendants now claim, then what good would another, court-ordered mediation do? Defendants offer no satisfactory answer.

Defendants' various maneuvers and shifting positions, in addition to being baseless, are ultimately futile because there is one tool that Defendants refuse to employ: making a

---

[1] Frost's extension motion (and the affidavit attached thereto) recounts the Parties' negotiations and agreements as to this issue in more granular detail. (*See* Docs. 65 & 65-1.) Mindful of the number of recent filings in this case, Frost does not repeat this history here.

meaningful counteroffer to Plaintiff's most recent settlement demand. Recent settlement negotiations failed because the Parties are too far apart. That does not mean that Frost's participation in these negotiations was in "bad faith," as Defendants repeatedly claim. (*See* Defendants' Stay Motion at 3 n.1.) The simple truth is that mediation is unlikely to be fruitful because Defendants have never (not during the last mediation or since) offered anything close to Frost's demand. Defendants might be able to settle the case by increasing their offer, but another mediation wherein Defendants do same thing they have been doing—refusing to offer anything close to Frost's demand—is guaranteed to fail.

To be clear, Frost does not believe that the settlement of this case is now impossible. And it does not foreclose the possibility that mediation at a later time may be fruitful. Frost would consider another mediation if Defendants indicated a willingness to significantly increase their offer. But the coercive power of the Court is unnecessary and unlikely to be helpful in furthering the Parties' negotiations. Frost will not be browbeaten into accepting a specific settlement amount simply because Defendants say they believe that amount is reasonable.

For these reasons, Defendants' motion for a stay and referral to mediation should be denied.

Dated: April 3, 2024              Respectfully submitted,

                                               FROST SOLUTIONS, LLC,

                                               By its attorneys,

                                               */s/ Laura L. Carroll*
                                               Laura L. Carroll (NH Bar No. 17444)
                                               BURNS & LEVINSON LLP
                                               125 High Street
                                               Boston, MA 02110
                                               Tel: (617) 345-3000
                                               Fax: (617) 345-3299
                                               Email: lcarroll@burnslev.com

>Todd A. Rowden (admitted *pro hac vice*)
>James L. Oakley (admitted *pro hac vice*)
>T. Hudson Cross, IV (admitted *pro hac vice*)
>TAFT STETTINIUS & HOLLISTER LLP
>111 East Wacker Drive, Suite 2600
>Chicago, IL 60601
>Tel:    (312) 527-4000
>Fax:    (312) 527-4011
>Email:  trowden@taftlaw.com
>        joakley@taftlaw.com
>        hcross@taftlaw.com
>
>Amir R. Tahmassebi (admitted *pro hac vice*)
>KONICEK & DILLON, P.C.
>70 West Madison Street, Suite 2060
>Chicago, IL 60602
>Tel:    (312) 328-9166
>Fax:    (630) 262-9659
>Email:  amir@konicekdillonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served a copy of this document on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated:  April 3, 2024                     */s/ Laura L. Carroll*
                                          Laura L. Carroll