# **EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>　　　　　　　　Defendants. | Civ. Action No. 1:22-cv-00401-SE |

**[PROPOSED] REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION
FOR REFERRAL TO MEDIATION AND STAY OF PROCEEDINGS**

Defendants Patrick Baglien, Christopher Lareau, and Vue Robotics LLC (collectively, "Defendants"), through counsel, submit this brief reply in response to Plaintiff Frost Solutions, LLC's ("Frost Solutions") Opposition to Defendants' Motion for Referral to Mediation and Stay of Proceedings (the "Motion") (ECF Nos. 66, 71).

Frost Solutions spends a substantial portion of its opposition attempting to weave a tale about Defendants' motives in filing their counterclaim, motion to show cause, and the motion for partial summary judgment and, again, accuses Defendants' counsel of "reneging" on the parties' verbal agreement to joint request an extension of the now-looming close of fact discovery. These assertions are not true, but Defendants will not be lured into providing a point-by-point rebuttal because they are not central to the Motion.

At bottom, it is neither surprising nor unusual that the parties strongly disagree about the merits and the value of the case, or that their positions were entrenched at private mediation and more recent settlement discussions. That is common. Yet, Defendants have no doubt that the Court has ordered mediation and Judge Johnstone has settled *many* such cases without any

"browbeating," as Frost Solutions suggests. What is uncommon is that Defendants have a substantial "wasting policy" that is being substantially "wasted". Also, Frost Solutions concedes in its opposition that it is willing to consider mediation if Defendants increase their demand and does not articulate any substantial prejudice to participating in another mediation session. With this reality in mind and understanding that settlement is a two-way street, this case is ripe for mediation before Judge Johnstone, who has demonstrated her effectiveness at getting entrenched plaintiffs and defendants to view and value cases differently and think creatively about solutions.

Accordingly, for the reasons stated herein and in their Motion, Defendants repeat their request for the Court to order that the parties appear for mediation before Judge Johnstone and enter a brief stay of proceedings until the mediation is concluded, enabling the Court to help the parties help themselves before all dollars are squandered in more litigation - making settlement impossible.

Dated:  April 10, 2024	Respectfully submitted,

**PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC**

By their attorneys,

*/s/ David W. McGrath*
David W. McGrath (N.H. Bar No. 9347)
Sheehan Phinney Bass & Green, P.A.
1000 Elm Street, P.O. Box 3701
Manchester, NH  03105-3701
Tel: (603) 627-8255
Fax: (603) 641-2349
Email:  dmcgrath@sheehan.com

Kierstan E. Schultz (N.H. Bar No. 20682)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH  03101
Tel: (603) 628-4031
Fax:  (603) 628-4040
Email:  kschultz@nixonpeabody.com

Jason C. Kravitz (admitted *pro hac vice*)
Gina M. McCreadie (admitted *pro hac vice*)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, Massachusetts  02109
Tel:  (617) 345-1000
Fax:  (617) 345-1300
Email:  jkravitz@nixonpeabody.com
		gmccreadie@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served copies of this document on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated:  April 10, 2024	 */s/ David W. McGrath*
	David W. McGrath