# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>      Defendants. | Case No. 1:22-cv-00401-SE |

## DECLARATION OF TODD ROWDEN

I, Todd Rowden, am over the age of 18 and make this Declaration under 28 U.S.C. § 1746 on my own personal knowledge:

1. I have personal knowledge of the facts set forth in this Declaration and would testify under oath to their veracity if called upon to do so.

2. I am an attorney at the law firm of Taft Stettinius & Hollister LLP, 111 East Wacker Drive, Suite 2600, Chicago, IL 60601, and counsel for Plaintiff Frost Solutions, LLC ("Plaintiff"), in the above-captioned matter.

3. This Declaration is offered in support of Plaintiff's Objection to Defendant Lareau's Motion for Partial Summary Judgment (Doc. 58) ("Lareau's Motion"). Specifically, this Declaration is offered in support of Plaintiff's request for additional discovery pursuant to Federal Rule of Civil Procedure 56(d).

4. This case is still in the early stages of discovery. Written discovery is nearly complete, but Frost has not taken any depositions yet.

2

5.      Additional discovery is needed in order for Plaintiff to fully oppose Lareau's Motion. Plaintiff argues in its Objection to Lareau's Motion that the parties contemplated and thus agreed to subsequent assignment of Frost Control's contract rights. At issue, among other things, is the meaning of the term "affiliates," which appears 14 times in the Separation Agreement, and whether it includes subsequent assignees, including Frost Solutions. In addition, any discussions between Lareau and Frost Control representatives in connection with the contents of the Separation Agreement, as well as the context in which it was signed, would be highly relevant. Lareau has stated, for example, in his Declaration in support of his Motion (Doc. 58-2), that Frost Control "struggled to remain viable" when Lareau was employed there; as a result, any discussions at the time of Lareau's separation from Frost Control as to that company's future prospects, including assignment of its assets, become relevant as well. Accordingly, Plaintiff proposes to depose Lareau, as well as Frost Control representatives who were involved with discussing, preparing, negotiating and signing the Separation Agreement at issue.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2024

*/s/ Todd A. Rowden*
Todd A. Rowden