UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>    Defendants. | Case No. 1:22-cv-00401-SE<br><br>**REQUEST FOR ORAL ARGUMENT** |

## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

Plaintiff Frost Solutions, LLC, by and through undersigned counsel, moves to dismiss the Counterclaim and Jury Demand (Doc.72) asserted by Defendants Patrick Baglien, Christopher Lareau, and Vue Robotics, LLC, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Plaintiff states as follows:

1. On April 3, 2024, Defendants filed their Counterclaim against Plaintiff; the three counts all involve allegations of conduct occurring during the pendency of this litigation.

2. Defendants assert counterclaims against Plaintiff for tortious interference with contractual relations and violation of the New Hampshire Consumer Protection Act, N.H. RSA § 358-A:1, *et seq.* (Counterclaim, ¶¶ 143–69.) Defendant Lareau asserts a counterclaim for negligent infliction of emotional distress. (*Id.* ¶¶ 170–75.)

3. Defendants' counterclaim for tortious interference with contractual relations should be dismissed because Defendants do not claim that the third party at issue (their insurer) ever breached its contract of insurance with Defendants. Further, they fail to plausibly allege that

any interference was "improper," as required under New Hampshire law, because Frost Solutions principal Michael Kirsh's alleged statements to their insurer were all true and not misleading.

4. Defendants' counterclaim under the New Hampshire Consumer Protection Act should be dismissed because all of the allegations of conduct by Plaintiff fall outside the scope of the unfair or deceptive trade practices prohibited by the statute. Specifically, the alleged conduct did not relate to Plaintiff's business or any business transaction, was not directed toward any consumer, does not meet the "rascality test" required under New Hampshire law, and the allegations regarding the Kirsh phone call concern an isolated, one time transaction.

5. Defendant Lareau's counterclaim for negligent infliction of emotional distress should be dismissed because he does not plausibly allege that Plaintiff, as an adversary in litigation, owed him a duty of care, or that his alleged emotional distress was reasonably foreseeable.

6. In support of this motion, Plaintiff submits the attached Memorandum of Law.

7. Pursuant to Local Rule 7.1(d), Plaintiff requests oral argument to further explain why Defendants' counterclaims should be dismissed as a matter of law, and to answer any questions the Court may have regarding this motion.

WHEREFORE, Plaintiff respectfully requests that the Court issue an order:

A. Granting Plaintiff's motion to dismiss Defendants' counterclaims;

B. Dismissing Defendants' counterclaims in their entirety; and

C. Granting such further and additional relief as the Court deems just and equitable.

Dated: April 24, 2024

Respectfully submitted,

FROST SOLUTIONS, LLC,

By its attorneys,

/s/ *Laura L. Carroll*
Laura L. Carroll (NH Bar No. 17444)
BURNS & LEVINSON LLP
125 High Street
Boston, MA 02110
Tel:   (617) 345-3000
Fax:   (617) 345-3299
Email: lcarroll@burnslev.com

Todd A. Rowden (admitted *pro hac vice*)
James L. Oakley (admitted *pro hac vice*)
T. Hudson Cross, IV (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel:   (312) 527-4000
Fax:   (312) 527-4011
Email: trowden@taftlaw.com
       joakley@taftlaw.com
       hcross@taftlaw.com

Amir R. Tahmassebi (admitted *pro hac vice*)
KONICEK & DILLON, P.C.
70 West Madison Street, Suite 2060
Chicago, IL 60602
Tel:   (312) 328-9166
Fax:   (630) 262-9659
Email: amir@konicekdillonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served a copy of this document on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: April 24, 2024

*/s/ Laura L. Carroll*
Laura L. Carroll

3