**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Frost Solutions, LLC</u>

     v.                                                  Case No. 22-cv-401-SE

<u>Patrick Baglien, et al.</u>

### NOTICE OF MEDIATION

Mediation in this case will be held on July 8, 2024 at 9:30 a.m. before Magistrate Judge Andrea Johnstone via Zoom videoconference.  **THE ATTORNEY(S) WHO WILL BE LEAD TRIAL COUNSEL SHALL APPEAR AT THE MEDIATION WITH THE PARTIES AND WITH THE PERSON OR PERSONS HAVING FULL AUTHORITY TO NEGOTIATE AND TO SETTLE THE CASE ON ANY TERMS.**  On or before July 1, 2024, counsel shall advise the mediator and each other of the names of all persons attending, participating, or who will be able to hear any communications during the mediation using Zoom, as well as each person's email address.  Counsel shall submit this information via an email addressed to **both** brandy_fantasia@nhd.uscourts.gov and lauren_pritchard@nhd.uscourts.gov.

No one else shall participate in the mediation, enter the location of the person(s) participating in the mediation session, or be within listening distance.  Counsel and the participants

1

shall not photograph, record (audio or video), broadcast, transmit or televise any portion of the mediation.  Counsel and the participants are required to keep the meeting link and password secure.  Counsel shall ensure that all participants have the most recent version of the Zoom software and a fully charged device and/or available power source and charging cord for the duration of the mediation.  All participants are encouraged to test Zoom capabilities and settings in advance of the scheduled mediation to troubleshoot connectivity, audio, and other common technology glitches before the start of the session.  An email containing the Zoom invitation will be sent to each participant prior to the mediation.  Each participant should log into the session a few minutes prior to the start time.

On or before July 1, 2024, the parties shall deliver by email to Magistrate Judge Johnstone (per the following instructions), a confidential mediation statement, limited to three (3) pages.  **Do not file your confidential mediation statement with the Clerk of Court via CM/ECF or otherwise**.  The confidential mediation statement should be submitted to Magistrate Judge Johnstone via email to **both** brandy_fantasia@nhd.uscourts.gov and lauren_pritchard@nhd.uscourts.gov.

The confidential mediation statement shall include the following:

2

1.   A brief statement of the facts of the case, and a forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

2.   An itemized statement of the damages claimed and of any other relief sought.

3.   The attorney's fees, time, and costs expended to date, and an estimate of the fees, time, and costs to be expended for trial.

4.   A history of past settlement discussions, offers, and demands, and an evaluation of the terms on which the case could be settled fairly.

The parties shall be prepared to finalize and execute a general release and settlement agreement at the mediation, should the parties reach an agreement to resolve the case.  The parties shall exchange draft settlement agreement language (monetary and other fill-in terms left blank) at least five (5) calendar days in advance of the mediation.  Any draft settlement agreement(s) exchanged is for review and discussion purposes only and does not bind or limit the ability of either party to propose and/or agree to alternative terms of settlement in this case.  Counsel shall review this draft language with his/her client(s) before the mediation.  If individuals not present at the mediation are required to approve agreement language or to

sign or co-sign for either party, notice must be given to
opposing counsel and the court in advance of the mediation.  On
or before July 3, 2024, counsel shall certify that draft
settlement agreement language has been exchanged via email to
**both** brandy_fantasia@nhd.uscourts.gov and
lauren_pritchard@nhd.uscourts.gov.

At the mediation, the parties may, but are not required to,
give a brief (5-10 minute) presentation outlining the factual
and legal highlights of their case.  Then separate caucuses will
be held with each party and the party's representative(s).
Attached is an outline for the parties to review prior to the
mediation to make the best use of the time allotted.

**ANY FAILURE OF THE TRIAL ATTORNEYS, PARTIES, OR PERSONS
WITH AUTHORITY TO ATTEND THE MEDIATION OR TO PARTICIPATE IN GOOD
FAITH MAY RESULT IN SANCTIONS (TO INCLUDE THE FEES AND COSTS
EXPENDED BY THE OTHER PARTIES IN PREPARING FOR AND ATTENDING THE
MEDIATION).  FAILURE TO TIMELY DELIVER A CONFIDENTIAL MEDIATION
STATEMENT MAY ALSO RESULT IN REFERRAL TO A JUDICIAL OFFICER FOR
SANCTIONS.**

The mediation will not break for lunch, although the
parties and counsel should feel free to eat at any time during
the mediation. The parties should be prepared to mediate beyond
5:00 p.m., if necessary, and any known time constraints must be

brought to the attention of opposing counsel and the court in

advance of the mediation.


        SO ORDERED.

                                    _____
                                    Andrea K. Johnstone
                                    United States Magistrate Judge


June 5, 2024

cc:  Counsel of Record

**MEDIATION CONFERENCE PREPARATION OUTLINE**
**UNITED STATES MAGISTRATE JUDGE**


Experience shows that in negotiations the party who is best prepared usually obtains the most satisfactory result. Mediation conferences can be conducted more efficiently if all parties and counsel are prepared.  The following are some areas to consider in order to increase the effectiveness of your mediation conference.


A.   **FORMAT**

   1.   Parties with ultimate settlement authority must be personally present.

   2.   The court will use a mediation format, including private caucusing with each side; the judge may address your client directly.


B.   **ISSUES**

   1.   What issues (in and outside of this lawsuit) need to be resolved?

   2.   What are the strengths and weaknesses of each issue?  What is your most persuasive argument?  What is your opponent's most persuasive argument?

   3.   What remedies are available?

   4.   Is there any ancillary litigation pending/planned which affects case value?

   5.   Do you have enough information to value the case?  If not, how are you going to get more information before the mediation conference?

   6.   Do attorney's fees, other expenses, or liens affect settlement?  Have you communicated this to the other side?  Why not?

C.   **AUTHORITY**

1.   Are there outstanding liens?  Have you verified amounts and whether they are negotiable?  Do we need to include a representative of the lien holder?  If so, contact the court immediately.

2.   Is there valid insurance coverage?  In what amount?  If coverage is at issue, or the amount/type affects settlement value, have you notified the other side?  Do we need to include the representative from more than one company/carrier?  If so, notify the court immediately.

D.   **NEGOTIATIONS**

1.   Where did your last discussion end?  Are you sure?

2.   Should you have any discussions before the mediation conference to make it proceed more efficiently?

3.   What value do you want to start with?  Why? Have you discussed this with your client?

4.   What value do you want to end with?  Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times? How do you explain to the other party the change in value?

5.   Is there confidential information which affects case value?  Why can't/won't/ shouldn't it be discussed?  How can the other side be persuaded to change value if it doesn't have this information?

6.   What happens if you don't settle the case at the mediation conference?  What is your best alternative to a negotiated settlement? Why?

7

7.    What are the transactional costs to continue
      this litigation?

E.    **CLOSING**

1.    If settlement is reached, will you be
      prepared to execute a settlement agreement?
      If not, why not?  If so, will you want
      anything memorialized on the record?

2.    Have you discussed settlement formats with
      your client?  Does the client understand
      structured settlements, annuities, Rule 68
      offers of judgment?

3.    How soon could checks/closing documents be
      received?

4.    If settlement is not reached, and further
      discovery is needed, what is your plan for
      continued settlement discussions?