UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

FROST SOLUTIONS, LLC,

    Plaintiff,

    v.

PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,

    Defendants.

Case No. 1:22-cv-00401-SE

**PLAINTIFF'S REPLY IN SUPPORT OF**
**ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Plaintiff Frost Solutions, LLC ("Plaintiff") has filed a Motion to Dismiss (Doc. 92) Defendants' Counterclaim (Doc. 72). In their Partial Objection (Doc. 94), Defendants do not oppose Plaintiff's motion to dismiss their counterclaims for tortious interference and violations of the New Hampshire Consumer Protection Act. *Id.* at 1 n.1. Thus, Defendants effectively concede that two of their three counterclaims should be dismissed. As a result, all that remains is a single counterclaim, Count III, by Defendant Christopher Lareau ("Lareau"), alleging negligent infliction of emotional distress. As demonstrated in Plaintiff's opening Memorandum (Doc. 92-1 at 14-15) and below in this Reply, Lareau has failed to state a claim for negligent infliction of emotional distress, so this remaining counterclaim should be dismissed as well.

In his Partial Objection, Lareau relies on *Tessier v. Rockefeller*, 162 N.H. 324 (2011), in arguing that his counterclaim should survive Plaintiff's motion to dismiss. *See* Doc. 94 at 5-6. As an initial matter, *Tessier* is a decision of the New Hampshire Supreme Court. "New Hampshire is a notice pleading jurisdiction, and, as such, [its state courts] take a liberal approach to the technical requirements of pleadings." *Toy v. City of Rochester*, 172 N.H. 443, 448 (2019),

quoting *City of Keene v. Cleaveland*, 167 N.H. 731, 743 (2015).  That is, in state court, "[a] complaint need not do more than state the general character of the action and put both court and counsel on notice of the nature of the controversy."  *Toy*, 172 N.H. at 448, quoting *Pike Industries v. Hiltz Construction*, 143 N.H. 1, 4 (1998).  In federal court, the pleading standard is higher.  *See Lath v. City of Manchester*, 2018 DNH 099, at *3 (D.N.H. May 15, 2018).  A counterclaimant cannot simply offer notice pleading, but instead must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see A.G. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013).

Lareau has failed to meet the federal pleading standard.  First, Count III does not plausibly allege that Plaintiff owed Lareau a duty of care.  Lareau's Partial Objection contends Plaintiff voluntarily assumed a duty of care to him by agreeing to the protective order entered by the Court in this litigation.  Doc. 94 at 5.  His citation for this proposition, *Walls v. Oxford Mgmt. Co.*, 137 N.H. 653, 659 (1993), is inapposite:  it held that while a landlord ordinarily does not owe a duty to protect a tenant from criminal attack, a landlord who chooses to provide security at a property will thereafter have a duty to act with reasonable care.  Lareau's citation to *Aranson v. Schroeder*, 140 N.H. 359 (1995), for its general discussion of the torts of malicious prosecution and abuse of process—neither of which is pleaded here—does not aid his cause, either.  Lareau fails to identify any case in any jurisdiction, let alone this one, holding that a protective order entered by a federal court imposes a duty of care under state law on one litigant to another.

The Court should decline Lareau's invitation to make new law.  As in the cases cited in Plaintiff's opening Memorandum (Doc. 92-1 at 14-15) make clear, this Court should not find that adversaries in litigation owe duties of care to each other.  To hold otherwise would open the

floodgates to emotional distress claims in virtually every litigation. Could a party being deposed or on the witness stand claim negligent infliction of emotional distress in response to aggressive questioning by opposing counsel? Could a party make such a claim against the Court, in response to an adverse ruling?

The immediate response is "of course, not." In addition to failing to overcome the "duty" hurdle, such a claim cannot succeed because a claim for negligent infliction of emotional distress requires, among other things, "causal negligence" by the defendant. *Tessier*, 162 N.H. at 342, quoting *O'Donnell v. HCA Health Servs. of N.H., Inc.*, 152 N.H.608, 611 (2005). In other words, there must be an underlying tort which caused the harm – in *Tessier*, that tort was fraudulent misrepresentation. *Id*. There is no such underlying tort here. As discussed in Plaintiff's opening Memorandum (Doc. 92-1 at 7), even when viewed in the light most favorable to Lareau, the counterclaim alleges only that Michael Kirsh ("Kirsh") made true statements to Defendants' insurer.[1] Under federal pleading standards, simply asserting "misrepresentation" is insufficient. Conveyance of true information and normal conduct inside litigation cannot be transformed into actionable "misleading statements" or "unseemly practices" simply because the pleader says so.

In sum, as demonstrated in Plaintiff's opening Memorandum in support of its Motion to Dismiss (Doc. 92-1) and in this Reply, Lareau has failed to state a claim for negligent infliction of emotional distress. Defendants have conceded that their two other counterclaims can be dismissed. Accordingly, this Court should dismiss all of Defendants' Counterclaims.

---

[1] Additionally, Lareau does not appear to dispute the fact that Defendants had not shared the "Jan 5 Letter" discussed in Defendants' counterclaim with their insurer before the alleged Kirsh phone call. Thus, the alleged Kirsh phone call is consistent with an attempt to prevent Defendants from engaging in insurance fraud.

3

Dated: December 13, 2024          Respectfully submitted,

FROST SOLUTIONS, LLC,

By its attorneys,

/s/ *Laura L. Carroll*
Laura L. Carroll (NH Bar No. 17444)
ARENTFOX SCHIFF LLP
800 Boylston Street, 32nd Floor
Boston, MA 02199
Tel:    (617) 973-6100
Email: laura.carroll@afslaw.com

Todd A. Rowden (admitted *pro hac vice*)
James L. Oakley (admitted *pro hac vice*)
T. Hudson Cross, IV (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel:    (312) 527-4000
Fax:   (312) 527-4011
Email: trowden@taftlaw.com
        joakley@taftlaw.com
        hcross@taftlaw.com

Amir R. Tahmassebi (admitted *pro hac vice*)
KONICEK & DILLON, P.C.
70 West Madison Street, Suite 2060
Chicago, IL 60602
Tel:    (312) 328-9166
Fax:   (630) 262-9659
Email: amir@konicekdillonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served a copy of this document on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: December 13, 2024          */s/ Laura L. Carroll*
                                                            Laura L. Carroll