# EXHIBIT H

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>    Defendants. | Civ. Action No. 1:22-cv-00401-SE |

## PLAINTIFF FROST SOLUTIONS, LLC'S RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Plaintiff, Frost Solutions, LLC ("Frost"), by and through its undersigned attorneys, Taft Stettinius & Hollister LLP and Burns & Levinson LLP, hereby responds to Defendants' Second Set of Interrogatories, and states:

## PRELIMINARY STATEMENT

Frost reserves the right to supplement or correct its responses. These responses are made solely for the purpose of this pending action and are made solely by and on behalf of Frost. The following responses are made on the basis of a diligent and thorough inquiry for information and documentation reasonably available to Frost at the present time. Ongoing discovery, investigation, research, and analysis may disclose the existence of additional facts, and/or documents that add meaning to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, and changes to these responses. Without being obligated to do so, Frost reserves the right to change or supplement these responses as additional facts and/or documents are discovered, revealed, recalled, or otherwise ascertained. Frost reserves the right to make use of, at trial or otherwise, any information or documents not specified herein, whether

omitted because unknown, not yet discovered, or because the significance or relevance of the information or documents was not recognized or understood at the time of these responses.

In responding to these Interrogatories, Frost does not in any way waive, but rather preserves:

    a.    All objections as to the competency, relevancy, materiality, and admissibility of the Interrogatories, the responses, and their subject matter;

    b.    All objections as to the vagueness, ambiguity, or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories and each of them;

    c.    All rights to object on any ground to the use of the responses, or their subject matter, at any subsequent proceeding, including the trial of this matter, or in any other action;

    d.    All rights to object on any ground to any further interrogatories or any other discovery request involving or relating to the subject matter of the Interrogatories;

    e.    The right to supplement responses to the Interrogatories prior to trial; and

    f.    Any and all privileges and/or rights under the applicable rules of law.

## **GENERAL OBJECTIONS**

Frost makes the following General Objections to the Interrogatories which are hereby incorporated in and made a part of each response set forth below.

    1.    Frost objects to the Interrogatories to the extent that they seek information that is neither relevant to the subject matter involved nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that they are overly broad and unduly burdensome.

2. Frost objects to the Interrogatories to the extent that they seek information that is privileged from disclosure by the attorney-client privilege or seeks information prepared in anticipation of litigation or otherwise subject to the work product doctrine, and/or any other legally recognized applicable privilege, immunity, doctrine or protection, including but not limited to the joint defense privilege.

3. Frost objects to the Interrogatories to the extent that they contain no limitation on the time period for which responsive information is sought, or they contain a time period which is inordinately long, and therefore is burdensome, oppressive, and irrelevant.

4. Frost objects to the Interrogatories insofar as they seek information already in the possession or control of Defendants, or purport to impose upon Frost an obligation to investigate or discover information or material from third parties or sources that are equally accessible to Defendants or to search through publicly available materials when such materials are not otherwise contained in files maintained by Frost. Such an obligation is unreasonable and unduly burdensome.

5. Frost objects to the Interrogatories to the extent they seek duplicative information, and/or otherwise attempt to impose an undue burden on Frost.

6. Frost objects to the Interrogatories to the extent they seek information not within Frost's possession, custody, and/or control.

7. Frost objects to the Interrogatories to the extent that they seek information that require extensive and unreasonable investigatory work on the part of Frost. Such requests are unduly broad and burdensome.

8. Frost objects to the Interrogatories to the extent that they fail to adequately and specifically describe the subject matter sought as vague, overbroad, and unduly burdensome. Frost

responds to these Interrogatories based upon Frost's understanding of the terms as used in the individual requests.

9. Frost objects to any category of the Interrogatories that, due to their broad scope, could be construed as an undue burden, unnecessary expense, harassment, annoyance, or invasion of Frost's constitutional or property rights.

10. Frost objects to the Interrogatories to the extent they seek irrelevant, confidential, sensitive, or private information. Frost would be substantially injured by the production of such irrelevant, confidential, sensitive, or private information, and will produce such information pursuant to the Protective Order in this case.

11. Frost objects to the Interrogatories to the extent they fail to comply with the proportionality requirements of Fed. R. Civ. P. 26(b)(1).

12. In addition to the General Objections set forth above, Frost will also state specific objections to the Interrogatories where appropriate, including objections that are not generally applicable to each specific Interrogatory. By setting forth such specific objections, Frost does not intend to limit or restrict the General Objections set forth above. To the extent that Frost responds to the specific Interrogatories, stated objections are not waived by responding.

If Frost, in response to any Interrogatory, inadvertently provides information that is the subject of any of the foregoing objections, such production is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information. Nor shall such inadvertent disclosure waive the right of Frost to object to the use of any such information during this action or in any other subsequent proceeding.

## SPECIFIC OBJECTIONS AND RESPONSES

Each of the General Objections set forth above is expressly incorporated by reference into Frost's responses to each of the individual Interrogatories, set forth below, and each of Frost's responses to the following Interrogatories is made subject to and without waiving, and expressly consistent with, each of the General Objections set forth above.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 20**

Describe with specificity the investigation performed by You, or any person acting on Your behalf, prior to the filing the Complaint, which response shall include without limitation: (1) an identification of every document (including website pages) you reviewed in connection with the investigation; (2) an identification of every piece of evidence you reviewed in connection with the investigation; (3) a description of all evidence (including documents) that You reviewed prior to filing the Complaint and which You contend supports the allegations and claims asserted in the Complaint; (4) a statement indicating whether, prior to filing the Complaint, Frost Solutions reviewed any of the files/materials it claims Messrs. Baglien and Lareau downloaded from HubSpot prior to their respective departures from Frost Control (FROST_0000001-12, FROST_0007486-7496; FROST_0015603); (5) the identity of any third parties with whom You consulted or engaged prior to filing the Complaint and, for each person consulted, what information such person provided that You contend supports the allegations in the Complaint; and (6) the identity of every person who participated in the investigation and a description of what role each person played in the investigation.

**RESPONSE:** Subject to and without waiving its General Objections, Frost objects to Interrogatory No. 20 because it seeks disclosure of irrelevant information, fails to comply with the proportionality requirements of Rule 26(b)(1), and intrudes into matters protected by the attorney-client privilege and work-product doctrine. Frost further objects to Interrogatory No. 20 as it consists of six discrete subparts which contain terms such as "identify" and "state the basis," which Defendants defined to create up to four additional subparts. Fed. R. Civ. P. 33(a)(1). Given the compound nature of Interrogatory Nos. 9-10, and the use of the defined term "identify" in Interrogatory Nos. 1-6, 9-13, 17-19, Defendants have exceeded the permissible number of interrogatories set forth in Fed. R. Civ. P. 33(a)(1).

Frost further objects because the Interrogatory is duplicative of Interrogatory Nos. 3-5, and 9-13. Frost also objects because the proposed definition of "You" is impermissibly broad and attempts to impose discovery obligations upon persons and entities who are not parties to the litigation. Fed. R. Civ. P. 33(b)(a)(A). Moreover, to the extent, Interrogatory No. 20 seeks relevant and non-privileged information, the Interrogatory seeks a summary, audit, abstract, or compilation of documents Frost has produced or will produce, and the burden or expense of preparing or making such summary would be substantially the same for Frost as it would be for Defendants.

Without waiving any general or specific objection, Frost responds that on or around June 2, 2022, Frost discovered that Baglien and Lareau had stolen information from Frost to start a competing business. Ryan Kreager, former CEO of Frost, reviewed the situation and confirmed that Lareau resigned effective September 30, 2021, with a signed separation and non-compete agreement. On September 25, 2021, five days prior to his final day with Frost, Lareau downloaded the entire list of Frost contacts as well as customer relationship management ("CRM") data from HubSpot. Mr. Kreager audited HubSpot and created screenshots of Lareau's downloads. The CRM data would have included the record ID numbers; contact names; email addresses; phone numbers; job titles; associated company; associated company ID; subscriber dates; locations; contact owner information; data regarding the work and sequence processes; dates of last activity, last contact, and last engagement; last sequence enrolled and date; latest source and date; mobile phone numbers; numbers of sale activities; sequences enrolled; times contacted; the original source and original source drill-down information; owner assignment dates; recent sales email clicked data; recent sales data reply data; and, first time seen data.

At that time, Mr. Kreager also confirmed that Patrick Baglien resigned on or around October 6, 2021 with a final work day of October 20, 2021. Baglien was offered a separation and

mutual release agreement, but refused to sign it. On October 11, 2021, a week after tendering his resignation, Mr. Baglien downloaded all Frost deal information from HubSpot. The deal information included extensive CRM and deal data, *e.g.*, record ID, number of sensors quoted, amounts, amount in company currency, close dates, closed-lost reason, closed-won reason, create date, user who created the deal, deal name, deal owner, deal probability, deal stage, deal type, forecast amount, last activity date, last contacted, last modified dates, latest source, latest source data, latest source timestamp, next step, merged deal IDs, number of associated contacts, number of sales activities, number of times contacted, original source type, pipeline data, systems counts, weighted amount, weighted amount in company currency, associated contact with email addresses, associated company, associated contact IDs, and associated company IDs. Mr. Kreager audited these downloads and captured screenshots.

In addition to auditing the HubSpot database for Messrs. Baglien and Lareau's download activity, Mr. Kreager has personal knowledge of the content of the HubSpot database and the downloads.

Further investigation revealed additional downloads by Baglien and Lareau; indeed, Lareau downloaded deal information and certain contract information. Pursuant to Fed. R. Civ. P. 33(d), Frost identifies FROST_000001-12; FROST_0007486-7496; FROST_0015603; FROST_0001611-1620; FROST_0010651-10653; FROST_0015576-15587; FROST_0008547-8557; VUE_0000029-31.

On or before June 2, 2022, Frost contacted counsel to advise them of the situation and seek legal advice. On or around September 6, 2022, Plaintiff's counsel retained Digital Intelligence to perform digital forensics work.

Dated: May 22, 2023

Signed as to Objections:

By: /s/ Daniel R. Saeedi
Daniel R. Saeedi (admitted *pro hac vice*)
Gillian G. Lindsay (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Tel: 312-527-4000
Email: dsaeedi@taftlaw.com
Email: glindsay@taftlaw.com

Laura L. Carroll
Burns & Levinson LLP
125 High Street
Boston, MA 02110
Tel: 617-345-3000
Email: lcarroll@burnslev.com

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused to be served the foregoing *Plaintiff Frost Solutions, LLC's Responses to Defendants' Second Set of Interrogatories* upon all counsel of record via electronic mail on the 22nd day of May, 2023.

/s/ *Gillian G. Lindsay*
Gillian G. Lindsay

## **VERIFICATION**

I, Michael Kirsh, state under the pains and penalties of perjury that I have the authority to sign on behalf of the Plaintiff in this action; that I have read the foregoing PLAINTIFF FROST SOLUTIONS, LLC'S RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES and know the contends thereof; that the factual statements therein are true based on my personal knowledge, except for those stated on information, and those are believed to be true based on the information and documents presently available to me.

*Mike Kirsh*

Dated: May 19, 2023            Michael Kirsh

# Signature Certificate

Reference number: 7VJSJ-GASSK-QKART-FYJ86

| Signer | Timestamp | Signature |
|---|---|---|
| **Michael Kirsh**<br>Email: kirsh@frostsolutions.io<br>Sent:<br>Signed: | <br><br>18 May 2023 20:59:31 UTC<br>18 May 2023 20:59:32 UTC | *Mike Kirsh*<br><br>IP address: 98.206.25.46<br>Location: Chicago, United States |

Document completed by all parties on:
18 May 2023 20:59:32 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature solution trusted by 40,000+ companies worldwide.

