# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| FROST SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC, <br><br> Defendants. | Civ. Action No. 1:22-cv-00401-SE |

**PLAINTIFF FROST SOLUTIONS, LLC'S SUPPLEMENTED RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, Frost Solutions, LLC ("Frost"), by and through its undersigned supplements attorneys, Taft Stettinius & Hollister LLP and Burns & Levinson LLP, hereby its responses to Defendants' second set of interrogatories.

Frost's supplemental interrogatory responses are based on information acquired to date and upon the present state of Frosts pre-trial preparation. Frost's search for information is ongoing, and Frost reserves the right to supplement his response in accordance with the Federal Rules of Civil Procedure and/or Local Civil Rules for the United States District Court for the District of New Hampshire.

**GENERAL OBJECTIONS**

Frost incorporates by reference the General Objections it asserted in Frost's Answer to Defendants' Second Set of Interrogatories, dated May 22, 2023, into each of its supplemented responses provided herein.

## SUPPLEMENTAL RESPONSES TO INTERROGATORY

**INTERROGATORY NO. 20:**

Describe with specificity the investigation performed by You, or any person acting on Your behalf, prior to the filing the Complaint, which response shall include without limitation: (1) an identification of every document (including website pages) you reviewed in connection with the investigation; (2) an identification of every piece of evidence you reviewed in connection with the investigation; (3) a description of all evidence (including documents) that You reviewed prior to filing the Complaint and which You contend supports the allegations and claims asserted in the Complaint; (4) a statement indicating whether, prior to filing the Complaint, Frost Solutions reviewed any of the files/materials it claims Messrs. Baglien and Lareau downloaded from HubSpot prior to their respective departures from Frost Control (FROST_0000001-12, FROST_0007486-7496; FROST_0015603); (5) the identity of any third parties with whom You consulted or engaged prior to filing the Complaint and, for each person consulted, what information such person provided that You contend supports the allegations in the Complaint; and (6) the identity of every person who participated in the investigation and a description of what role each person played in the investigation.

**RESPONSE TO INTERROGATORY NO. 20:**

Subject to and without waiving its General Objections, Frost objects to Interrogatory No. 20 because it seeks disclosure of irrelevant information, fails to comply with the proportionality requirements of Rule 26(b)(1), and intrudes into matters protected by the attorney-client privilege and work-product doctrine. Frost further objects to Interrogatory No. 20 as it consists of six discrete subparts which contain terms such as "identify" and "state the basis," which Defendants defined to create up to four additional subparts. Fed. R. Civ. P. 33(a)(1). Given the compound nature of Interrogatory Nos. 9-10, and the use of the defined term "identify" in Interrogatory Nos. 1-6, 9-13, 17-19, Defendants have exceeded the permissible number of interrogatories set forth in Fed. R. Civ. P. 33(a)(1).

Frost further objects because the Interrogatory is duplicative of Interrogatory Nos. 3-5, and 9-13. Frost also objects because the proposed definition of "You" is impermissibly broad and attempts to impose discovery obligations upon persons and entities who are not parties to the

litigation. Fed. R. Civ. P. 33(b)(a)(A). Moreover, to the extent, Interrogatory No. 20 seeks relevant and non-privileged information, the Interrogatory seeks a summary, audit, abstract, or compilation of documents Frost has produced or will produce, and the burden or expense of preparing or making such summary would be substantially the same for Frost as it would be for Defendants.

Without waiving any general or specific objection, Frost responds that on or around June 2, 2022, Frost discovered that Baglien and Lareau had stolen information from Frost to start a competing business. Ryan Kreager, former CEO of Frost, reviewed the situation and confirmed that Lareau resigned effective September 30, 2021, with a signed separation and non-compete agreement. On September 25, 2021, five days prior to his final day with Frost, Lareau downloaded the entire list of Frost contacts as well as customer relationship management ("CRM") data from HubSpot. Mr. Kreager audited HubSpot and created screenshots of Lareau's downloads. The CRM data would have included the record ID numbers; contact names; email addresses; phone numbers; job titles; associated company; associated company ID; subscriber dates; locations; contact owner information; data regarding the work and sequence processes; dates of last activity, last contact, and last engagement; last sequence enrolled and date; latest source and date; mobile phone numbers; numbers of sale activities; sequences enrolled; times contacted; the original source and original source drill-down information; owner assignment dates; recent sales email clicked data; recent sales data reply data; and, first time seen data.

At that time, Mr. Kreager also confirmed that Patrick Baglien resigned on or around October 6, 2021 with a final work day of October 20, 2021. Baglien was offered a separation and mutual release agreement, but refused to sign it. On October 11, 2021, a week after tendering his resignation, Mr. Baglien downloaded all Frost deal information from HubSpot. The deal information included extensive CRM and deal data, *e.g.*, record ID, number of sensors quoted,

3

amounts, amount in company currency, close dates, closed-lost reason, closed-won reason, create date, user who created the deal, deal name, deal owner, deal probability, deal stage, deal type, forecast amount, last activity date, last contacted, last modified dates, latest source, latest source data, latest source timestamp, next step, merged deal IDs, number of associated contacts, number of sales activities, number of times contacted, original source type, pipeline data, systems counts, weighted amount, weighted amount in company currency, associated contact with email addresses, associated company, associated contact IDs, and associated company IDs. Mr. Kreager audited these downloads and captured screenshots.

In addition to auditing the HubSpot database for Messrs. Baglien and Lareau's download activity, Mr. Kreager has personal knowledge of the content of the HubSpot database and the downloads.

Further investigation revealed additional downloads by Baglien and Lareau; indeed, Lareau downloaded deal information and certain contract information. Pursuant to Fed. R. Civ. P. 33(d), Frost identifies FROST_000001-12; FROST_0007486-7496; FROST_0015603; FROST_0001611-1620; FROST_0010651-10653; FROST_0015576-15587; FROST_0008547-8557; VUE_0000029-31.

On or before June 2, 2022, Frost contacted counsel to advise them of the situation and seek legal advice. On or around September 6, 2022, Plaintiff's counsel retained Digital Intelligence to perform digital forensics work.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

Subject to and without waiving any general or specific objections, Frost identifies the following law firm as representing Frost Control Systems, Inc., d/b/a/ Frost Technologies, by

participating in the investigation of Defendants' actions prior to Frost's retention of Taft, Stettinius & Hollister LLC, and by sending to Baglien and Lareau the cease and desist letter attached to the complaint as Exhibit D: Ice Miller, LLP.

Dated: July 27, 2023

                                          Signed as to Objections:

**MICHEAL KIRSH**

By his attorneys:

*/s/ Gillian G. Lindsay*
Gillian G. Lindsay (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Tel: 312-836-5871
Email: glindsay@taftlaw.com

Daniel R. Saeedi (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Tel: 312-527-4000
Email: dsaeedi@taftlaw.com

Julie C. Ratliff (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Tel: 312-836-4096
Email: jratliff@taftlaw.com

Laura L. Carroll
Burns & Levinson LLP
125 High Street
Boston, MA 02110
Tel: 617-345-3000
Email: lcarroll@burnslev.com

## CERTIFICATE OF SERVICE

The undersigned certifies that she served the foregoing *Plaintiff Frost Solutions LLC's Supplemented Responses to Defendants' Second Set of Interrogatories* upon all counsel of record via electronic mail on the 1st day of August, 2023.

/s/ *Gillian G. Lindsay*
Gillian G. Lindsay

## VERIFICATION

I, Michael Kirsh, owner of Frost Solutions, LLC, state that I have read the foregoing responses to *Plaintiff Frost Solutions, LLC's Supplemental Responses to Defendants' Second Set of Interrogatories*, and the facts set forth therein are based upon the records in this matter, my recollection, and information provided to me, and are true and accurate to the best of my knowledge, information, and belief.

Dated: July 27, 2023

*Michael Kirsh*
_____
Michael Kirsh

# Signature Certificate

Reference number: GPNCW-BICPJ-TPIAN-359ES

| Signer | Timestamp | Signature |
|---|---|---|
| **Michael Kirsh**<br>Email: kirsh@frostsolutions.io<br>Sent:<br>Signed: | <br><br>27 Jul 2023 19:45:27 UTC<br>27 Jul 2023 19:45:27 UTC | *Michael Kirsh*<br>IP address: 24.177.213.152<br>Location: Delavan, United States |

Document completed by all parties
on 27 Jul 2023 19:45:27 UTC

Page 1 of 1



Signed with PandaDoc

PandaDoc is a document workflow and certified eSignature solution trusted by 40,000+ companies worldwide.

