UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

FROST SOLUTIONS, LLC,

    Plaintiff,

v.

PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,

    Defendants.

Case No. 1:22-cv-00401-SE

REQUEST FOR ORAL ARGUMENT

### PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff Frost Solutions, LLC ("Plaintiff" or "Frost Solutions"), by and through undersigned counsel, hereby moves to dismiss the First Amended Counterclaim and Jury Demand (Doc. 100) filed by Defendants Christopher Lareau ("Mr. Lareau") and Vue Robotics, LLC ("Vue"). The bases for this Motion are set forth more fully in the Memorandum of Law, filed herewith. In summary, Plaintiff states as follows:

1. Count I, Mr. Lareau's claim for negligent infliction of emotional distress, fails because he does not plausibly allege that Frost Solutions, as an adversary in litigation, owed him a duty of care, or that his alleged emotional distress resulting from a Frost Solutions principal allegedly contacting Defendants' insurer, was reasonably foreseeable.

2. Count II, which alleges that Frost Solutions tortiously interfered with a contract Vue had with its former customer TAPCO, fails because Vue does not allege any facts or circumstances that would amount to wrongful inducement. All of the alleged "wrongful" conduct occurred inside a separate, *bona fide* lawsuit Frost Solutions filed in federal court in Illinois to vindicate its rights and legitimate business interests. As such, this conduct fails to plausibly allege "wrongful" interference. Moreover, it also constitutes protected First

Amendment petitioning activity under the *Noerr-Pennington* doctrine.

3. Counts III and IV allege that Frost Solutions tortiously interfered with alleged contracts and prospective business relationships Vue claims to have had with actual and prospective customers. These counts fail to state a claim because Vue provides no details regarding the alleged customers, contracts, business relationships, breaching activity by actual or prospective customers, or interference by Frost. Count IV fails for the additional reason that Vue does not allege *any* expectation of prospective customers becoming actual customers.

4. Count V contains contorted allegations of corporate espionage, claiming that a former employee of a Vue customer joined Frost Solutions as an employee and then used login credentials Vue had provided to the customer to access confidential information. Vue claims this conduct constitutes a breach by the customer of an alleged contract with Vue. Any conduct of the individual after he left his former employer cannot be attributed to the employer as a basic matter of agency law. If any alleged misconduct occurred while the individual was still employed by the customer, Vue fails to plausibly allege that he acted within the scope of his employment with the customer (rather than in the separate, conflicting interest of Frost Solutions).

5. Finally, Count VI, which pleads civil conspiracy, fails because it cannot stand independently of the other claims, and because Vue names only Frost Solutions as a defendant and has not sued the alleged co-conspirator.

6. Pursuant to Local Rule 7.1(c), because this Motion is a dispositive motion, Plaintiff has not sought concurrence from Defendants before filing the Motion.

7. Pursuant to Local Rule 7.1(d), Plaintiff requests oral argument to further explain why Defendants' Amended Counterclaims should be dismissed as a matter of law, and to answer any questions the Court may have regarding this motion.

Wherefore, Plaintiff respectfully requests that this Court:

A. Grant Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims;

B. Dismiss the Amended Counterclaims in their entirety, with prejudice; and

C. Grant such further and additional relief as is deemed just and equitable.

Dated: April 21, 2025

Respectfully submitted,

**FROST SOLUTIONS, LLC,**

By its attorneys,

/s/ *Laura L. Carroll*
Laura L. Carroll (NH Bar No. 17444)
ArentFox Schiff LLP
800 Boylston Street, 32nd Floor
Boston, MA 02199
Tel:   (617) 973-6100
Email: laura.carroll@afslaw.com

Todd A. Rowden (admitted *pro hac vice*)
James L. Oakley (admitted *pro hac vice*)
T. Hudson Cross, IV (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel:   (312) 527-4000
Fax:   (312) 527-4011
Email: trowden@taftlaw.com
          joakley@taftlaw.com
          hcross@taftlaw.com

Amir R. Tahmassebi (admitted *pro hac vice*)
KONICEK & DILLON, P.C.
70 West Madison Street, Suite 2060
Chicago, IL 60602
Tel:   (312) 328-9166
Fax:   (630) 262-9659
Email: amir@konicekdillonlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically served a copy of this document on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: April 21, 2025                                */s/ Laura L. Carroll*
                                                             Laura L. Carroll