UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>              Defendants. | Civil Action No. 1:22-cv-00401-SE |

### DEFENDANTS' MOTION TO EXTEND CERTAIN DISCOVERY DEADLINES AND CONTINUE TRIAL

Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and Local Rules 7.1, 7.2, and 16.4, Defendants Patrick Baglien, Christopher Lareau, and Vue Robotics, LLC (collectively, the "Defendants") submit the following Motion to Extend Certain Discovery Deadlines and to Continue Trial, stating in support:

1. The Parties have continued to conduct extensive discovery diligently and cooperatively.

2. However, some unexpected delays with expert discovery and the completion of the limited remaining fact discovery have forced the Parties to seriously evaluate the current trial schedule.

3. As to the delays regarding expert discovery, on January 8, 2026, during Plaintiff Frost Solutions, LLC's 30(b)(6) deposition, it was discovered that a material exhibit to one of Plaintiff's expert reports had been sorted incorrectly and, therefore, did not provide the information it was intended to convey.[1]

---

[1] Plaintiff disclosed its expert reports on November 28, 2025.

1

4.  A corrected exhibit was provided to Defendants on January 9, 2026, but Defendant's rebuttal expert required additional time to re-analyze that exhibit.

5.  In order to allow for Defendant's expert enough time to review and analyze the corrected exhibit, the Parties agreed to extend the Rebuttal Experts deadline by 10 days to January 23, 2026.

6.  In addition, because Plaintiff's experts requested an additional 10 days to complete their supplementation, the Parties agreed to extend the supplementation and responsive supplementation deadlines to February 12, 2026, and March 4, 2026, respectively.

7.  The Parties anticipate taking expert depositions after the final expert supplementation deadlines.

8.  In addition, certain discrete fact discovery remains to be completed. This includes Plaintiff's supplementation of its interrogatory answers and document productions, which were requested as part of Plaintiff's 30(b)(6) deposition on January 8; concluding Plaintiff's 30(b)(6) deposition after the aforementioned supplementation;[2] trial depositions of certain customers listed on Plaintiff's damages analysis that have been delayed due to issues with confidentiality protections; concluding the deposition of former Frost Control interim CEO Ryan Kreager, which is scheduled to be completed on February 19, 2026, and taking the 30(b)(6) deposition of TAPCO (a potentially important third-party witness in the case), which the Parties have not yet been able to schedule.

9.  Given the Parties' agreement to extend the expert discovery deadlines and ongoing cooperation with completing the remaining discrete fact discovery, the currently

---

[2] Plaintiff's 30(b)(6) deposition was also left open because of Plaintiff's erroneous expert exhibit which served as one of the core documents explaining Plaintiff's damages theory and because of an unsettled dispute regarding Plaintiff's supplementation of an interrogatory answer.

scheduled trial for the June 2026 trial period, which provides for dispositive motions to be filed by February 17, 2026, is no longer workable.

10. This conclusion is something that Frost raised first on Friday, January 23, 2026. This conclusion was confirmed when Frost's counsel emailed Vue's counsel on Monday, January 26, 2026, and explained that their client had agreed to move the trial to September. Frost's counsel further mentioned that one of Plaintiff's principals had a conflict during the first days of the June trial period that could necessitate requesting that the Court allow trial to begin during the second week of the June trial period.

11. On Wednesday, January 28, 2026, counsel for Frost followed up and stated "[o]ur clients are now set on the September trial session, so we plan to file a motion to move the dates. We hope it can be a joint motion with agreed upon dates, but we'd like to move quickly to get the clarity on upcoming deadlines."

12. On January 29, 2026, Vue responded to Frost and proposed an alternative scheduling proposal.

13. From January 23, 2026, through the filing of this motion, the Parties have been collaborating in good faith to negotiate a new, agreed-upon schedule. During this time, the Parties have also discussed the possibility of engaging in further alternative dispute resolution, including engaging a neutral evaluator, but the parties were unable to reach agreement on that. Neither have they been able to reach agreement on a new proposed litigation schedule, including a proposed trial date for the Court's consideration.

14. Therefore, because the Parties have been unable to reach agreement on a new proposed schedule despite their good faith efforts ahead of the upcoming dispositive motion deadline, Defendants file this Motion to modestly extend the remaining discovery deadlines, a

3

portion of which Plaintiff has already agreed, and to continue trial until either the November (which would be best, if at all possible), January or February 2027 trial period.

15. Defendants understood that Plaintiff intended to continue trial to the September 2026 trial period.[3] As mentioned, on January 28, 2026, Plaintiff's counsel wrote that their clients were "set on the September trial session" so they planned to "file a motion to move the [June trial and other related] dates." It was only very recently that Defendants learned that if the trial could not be moved – with the Court's permission – to September, that Plaintiff would intend to try the case in the currently scheduled June trial period, which is at tension with their January 28, 2026 communication to Defendants that they intended to move the June trial date in part based on a scheduling conflict with one of their principals.

16. Defendants cannot make September 2026 work, however, because trial during that time period would seriously interfere with Defendants' small business, which has only two employees, other than Christopher Lareau and Patrick Baglien. In addition to being a very busy time for Defendants given the relative seasonality of the business, there are additional highly confidential business reasons why trial in September will be seriously detrimental to Defendants' business which can be presented to the Court in *in camera* review if the Court requires.

17. In addition, October 2026 is not viable because counsel for Defendants have a lengthy, multi-day merits hearing already scheduled during that time period. On information and belief, October 2026 also does not work for Plaintiff.

18. Therefore, Defendants propose continuing trial in this case until either (1) the November 2026 trial period (preferred), (2) the January 2027 trial period, or (3) the February 2027 trial period.

---

[3] On information and belief, the Parties have conflicts in either July or August of 2026.

4

19.     Defendants also propose a modest extension of the current discovery schedule and dispositive motion deadline to allow the Parties to efficiently and economically complete discovery, file motions for summary judgment and provide the Court reasonable time to rule on those motions prior to trial.

20.     Defendants will file motion(s) for summary judgment on the current deadline of Tuesday February 17, 2026, should that deadline not be continued. However, given the outstanding expert and fact discovery as noted above, Defendants anticipate requesting that they be allowed to supplement these motions with any evidence adduced after their summary judgment motions are filed.

21.     Pursuant to LR 7.2(a)(ii), the requested extension to the remaining discovery deadlines and three options Defendants propose for trial are listed below, with three different charts depending on the approved trial dates. The charts below are also contained in the Civil Form 3 filed herewith in accordance with LR 7.2(a)(iii).

| **Scheduling Designation – November 2026 Trial** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Completion of Fact Discovery[4] | 3/1/2025 | 3/31/2026 |
| Deadline for supplementation under Fed. R. Civ. P. 26(e)(2) for party with the burden of proof | 2/2/2026 | 2/12/2026 |
| Deadline for responsive supplementation under Fed. R. Civ. P. 26(e)(2)[5] | 02/10/2026 | 3/4/2026 |
| Deadline to complete expert discovery | 03/6/2026 | 3/31/2026 |
| Deadline to file dispositive motions/summary judgment motions | 02/16/2026 | 04/3/2026 |
| Deadline to file challenges to expert testimony (no later than 45 days before trial) | 04/15/2026 | 10/5/2026 |
| Final pretrial statements due | 05/15/2026 | 10/19/2026 |
| LR 16.2(d) Objections due | 05/29/2026 | 11/2/2026 |

---

[4] The remaining fact discovery is limited to the aforementioned remaining depositions and Plaintiff's supplementation of written discovery.
[5] The expert supplementation deadlines have previously been agreed to by the Parties.

| | | |
|---|---|---|
| Two-week jury trial session | 06/16/2026 | 11/17/2026[6] |

| **Scheduling Designation – January 2027 Trial** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Completion of Fact Discovery | 3/1/2025 | 3/31/2026 |
| Deadline for supplementation under Fed. R. Civ. P. 26(e)(2) for party with the burden of proof | 2/2/2026 | 2/12/2026 |
| Deadline for responsive supplementation under Fed. R. Civ. P. 26(e)(2) | 02/10/2026 | 3/4/2026 |
| Deadline to complete expert discovery | 03/6/2026 | 3/31/2026 |
| Deadline to file dispositive motions/summary judgment motions | 02/16/2026 | 04/3/2026 |
| Deadline to file challenges to expert testimony (no later than 45 days before trial) | 04/15/2026 | 12/7/2026 |
| Final pretrial statements due | 05/15/2026 | 12/21/2026 |
| LR 16.2(d) Objections due | 05/29/2026 | 01/4/2027 |
| Two-week jury trial session | 06/16/2026 | 1/20/2027 |

| **Scheduling Designation – February 2027 Trial** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Completion of Fact Discovery | 3/1/2025 | 3/31/2026 |
| Deadline for supplementation under Fed. R. Civ. P. 26(e)(2) for party with the burden of proof | 2/2/2026 | 2/12/2026 |
| Deadline for responsive supplementation under Fed. R. Civ. P. 26(e)(2) | 02/10/2026 | 3/4/2026 |
| Deadline to complete expert discovery | 03/6/2026 | 3/31/2026 |
| Deadline to file dispositive motions/summary judgment motions | 02/16/2026 | 04/3/2026 |
| Deadline to file challenges to expert testimony (no later than 45 days before trial) | 04/15/2026 | 01/4/2027 |
| Final pretrial statements due | 05/15/2026 | 1/18/2027 |
| LR 16.2(d) Objections due | 05/29/2026 | 2/1/2027 |
| Two-week jury trial session | 06/16/2026 | 2/17/2027 |

---

[6] Depending on when a trial could start in November, it might not finish before the Thanksgiving holiday, but that will depend on, among other things, the triable issues, if any, remaining after summary judgment.

22.     This Motion, if granted, will result in the continuance of trial in this case. Pursuant to L.R. 7.2(c), undersigned counsel hereby certifies that their clients have been notified of the reasons for the requested continuance and have assented thereto.

23.     Good cause exists for the requested extension to certain deadlines in the Discovery Plan and the trial schedule because unforeseen delays in obtaining critical discovery have caused the Parties to be unable to complete such discovery prior to the currently scheduled dispositive motion deadline.

24.     In accordance with LR 7.1(c), the Parties' counsel have conferred in good faith, but Plaintiff does not assent to the relief requested herein.

25.     Pursuant to LR 7.1(a)(2), Defendants believe that a supporting memorandum is unnecessary because the relief requested herein is discretionary.

WHEREFORE, Defendants Patrick Baglien, Christopher Lareau, and Vue Robotics, LLC, through their respective counsel, respectfully request that the Court:

(A)     Grant this Motion; and

(B)     Grant such other and further relief as the Court may deem just and equitable.

                                        Respectfully submitted,

                                        PATRICK BAGLIEN, CHRISTOPHER LAREAU AND VUE ROBOTICS, LLC,

                                        By their attorneys,

                                        SHEEHAN PHINNEY BASS & GREEN, P.A.

Dated: February 13, 2026          */s/ Ryan P. Lirette*
                                        David W. McGrath (NH Bar No. 9347)
                                        James P. Harris (NH Bar No. 15336)
                                        Ryan P. Lirette (NH Bar No. 19561)
                                        Abbygale M. Dow (NH Bar No. 272938)
                                        1000 Elm Street, 17th Floor
                                        Manchester, NH 03101
                                        (603) 627-8255
                                        dmcgrath@sheehan.com
                                        jharris@sheehan.com
                                        rlirette@sheehan.com
                                        adow@sheehan.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically served copies of the foregoing on all counsel of record via the Court's CM/ECF system.

Dated:  February 13, 2026         */s/ Ryan P. Lirette*
                                        Ryan P. Lirette