UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>Defendants. | Case No. 1:22-cv-00401-SE |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANTS' AMENDED COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 56(a), Plaintiff Frost Solutions, LLC ("Frost"), by and through undersigned counsel, hereby moves for summary judgment on Defendants' Amended Counterclaim. The bases for this Motion are set forth more fully in the Memorandum of Law filed herewith. In summary, Plaintiff states as follows:

1. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2. Defendants forfeited their counterclaims when they did not reassert them in their answer to Frost's First Amended Complaint. Summary judgment in favor of Frost is therefore required on all of the counterclaims.

3. Although the Court need not go any further to grant summary judgment in Frost's favor here, each cause of action asserted in the Amended Counterclaim fails on the merits.

4. Defendant Christopher Lareau ("Lareau") asserts a counterclaim for negligent infliction of emotional distress (Count I) based on a call Michael Kirsh made to Vue's insurance carrier and an investigation that the carrier opened into Vue's insurance application.

5. Lareau cannot establish any element of his negligent infliction of emotional distress ("NIED") counterclaim. Kirsh, as a matter of law, did not owe a duty of care to Lareau. Nor could Kirsh have reasonably foreseen that his call would result in Lareau's alleged emotional harm. Further, the call is too remote to be the legal cause of the alleged harm. Finally, the alleged harm itself is insufficient to establish an NIED claim. As Lareau cannot prove the required elements of negligent infliction of emotional distress as a matter of law, and there is no genuine issue of material fact regarding this counterclaim, Frost is entitled to summary judgment on Count I.

6. Defendant Vue Robotics, LLC ("Vue") asserts counterclaims for tortious interference with the TAPCO Agreement (Count II), tortious interference with contractual relations with TAPCO's customers (Count III), tortious interference with prospective business relations (Count IV), and tortious interference with the East End Group Contract (Count V).

7. There is no genuine dispute of material fact that Frost did not *intentionally* and *improperly* interfere with Vue's relationship with TAPCO and TAPCO customers (current or prospective).

8. First, TAPCO terminated its contract with Vue because of Vue's own misconduct. Second, Vue attempts to manufacture interference by Frost by referencing the Moore Litigation, but the Moore Litigation itself cannot provide a foundation for tortious interference because Frost's assertion of its legally protected interest—its right to pursue litigation and protect its legitimate interests—is not *improper* as a matter of law.

9. Furthermore, there is no genuine issue of material fact as to Vue's allegation that Frost interfered with Vue's relationship with customers or prospective customers because Frost did not receive any confidential information from TAPCO about Vue or its customers, Frost did not solicit or obtain any TAPCO customers through use of Vue's confidential information, and Frost has never possessed Vue's technology or products.

10. Vue cannot establish a requisite element of Counts II, III, and IV, there are no genuine issues of material fact as to these counterclaims, and Frost is thus entitled to summary judgment on Counts II, III, and IV.

11. As to Count V, Vue asserts that Frost tortiously interfered with Vue's contractual relationship with East End Group via Jason Ostrander, a third party. Ostrander, however, had valid login credentials to Vue's system at the time of his access, and Vue admits it can articulate no recoverable damages as a result of Ostrander accessing its system. Vue must show *improper* interference and that Vue suffered damages as a result. The undisputed facts make clear that neither element can be met. Accordingly, Frost is entitled to summary judgment on Count V.

12. Defendant Vue asserts a counterclaim for civil conspiracy (Count VI). In New Hampshire, for a civil conspiracy to exist, there must be an underlying tort which the alleged conspirators agreed to commit. The underlying tort claims here are Vue's allegations of tortious interference with contractual relations as to the TAPCO agreement (Count II), with TAPCO customers (Count III), and prospective business relations (Count IV). For the reasons stated above, there is no genuine dispute of material fact that each of those counterclaims fail as a matter of law. Thus, those torts cannot support civil conspiracy.

13. Furthermore, Frost and TAPCO have never agreed on any plan or course of action with the object of inflicting harm on Vue, and Frost has never engaged in an unlawful act with the purpose of inflicting harm on Vue. There is therefore no genuine dispute of material fact as to several elements required to prevail on civil conspiracy. Accordingly, Frost is entitled to summary judgment on Count VI.

14. In further support of this Motion, Plaintiff submits the attached memorandum of law, exhibits, and declarations.

15. Pursuant to Local Rule 7.1(c), because this Motion is a dispositive motion, Plaintiff has not sought concurrence from Defendants before filing the Motion.

16. Pursuant to Local Rule 7.1(d), Plaintiff requests oral argument to further explain why the Court should grant summary judgment in Plaintiff's favor, and to answer any questions the Court may have regarding this Motion.

Wherefore, Plaintiff respectfully requests that this Court:

A. Grant this motion and issue summary judgment in Plaintiff's favor as to the Amended Counterclaim in its entirety; and

B. Grant such further and additional relief as is deemed just and equitable.

Dated: February 17, 2026                    Respectfully submitted,

**FROST SOLUTIONS, LLC,**

By its attorneys,

/s/ *Laura L. Carroll*
Laura L. Carroll (NH Bar No. 17444)
ARENTFOX SCHIFF LLP
800 Boylston Street, 32nd Floor
Boston, MA 02199
Tel:   (617) 973-6100
Email:  laura.carroll@afslaw.com

Todd A. Rowden (admitted *pro hac vice*)
James L. Oakley (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel:   (312) 527-4000
Fax:   (312) 527-4011
Email:  trowden@taftlaw.com
        joakley@taftlaw.com

Amir R. Tahmassebi (admitted *pro hac vice*)
KONICEK & DILLON, P.C.
70 West Madison Street, Suite 2060
Chicago, IL 60602
Tel:   (312) 328-9166
Fax:   (630) 262-9659
Email:  amir@konicekdillonlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically served copies of this Motion, Memorandum of Law, and Declarations of Michael Kirsh and James Oakley on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: February 17, 2026          */s/ Laura L. Carroll*
                                                    Laura L. Carroll