UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU,<br>and VUE ROBOTICS, LLC,<br><br>             Defendants. | Civ. Action No. 1:22-cv-00401-SE<br><br>**ORAL<br>ARGUMENT<br>REQUESTED** |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO PLAINTIFF'S TECHNOLOGY AND
CUSTOMER INFORMATION TRADE SECRET CLAIM
(COUNTS I AND II OF THE AMENDED COMPLAINT)**

Defendants, Patrick Baglien, Christopher Lareau, and Vue Robotics, LLC, pursuant to Fed. R. Civ. P. 56 and L.R. 56.1(a), move for summary judgment as to Counts I and II of Plaintiff's Amended Complaint to the extent those counts assert Defendants misappropriated information relating to Plaintiff's technology and certain customer information in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and New Hampshire's Uniform Trade Secrets Act, RSA 350-B.  As set forth in the accompanying Memorandum of Law, Plaintiff cannot recover on its technology-based or customer information claims as a matter of law.  In support thereof, Defendants state as follows:

1.      In its Amended Complaint, Frost Solutions alleges violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* and New Hampshire's Uniform Trade Secrets Act, RSA 350-B.  There are two components to Plaintiff's trade secret claims – one alleging that Defendants misappropriated information about the technology Plaintiff manufactures and sells and one alleging that Defendants misappropriated customer information that is a trade secret.

1

2.     Frost Solutions does not allege that Defendants Patrick Baglien ("Baglien") and Christopher Lareau ("Lareau") took any documents or files embodying any technological trade secret; Plaintiff claims that Defendants violated the law by developing and marketing a competing product with similar features and functionalities utilizing the information in their heads.  The allegedly misappropriated technology was not in use by Frost Control, the company that employed Baglien and Lareau.  Plaintiff alleges that the misappropriated technology was still being developed in September and October 2021, when Baglien and Lareau resigned from Frost Control Systems ("Frost Control"), even though Frost Control had ceased all efforts to enhance its product earlier in 2021.  Plaintiff Frost Solutions nevertheless bases its claims on what it describes as deriving from that of the former Frost Control.

3.     Summary judgment is warranted for several reasons.  First, Frost Solutions fails to carry its burden to separate with sufficient particularity its purported trade secrets from what is general knowledge in the trade and from special knowledge of those persons skilled in the trade.  This failure manifests in several ways.  Frost Solutions claims that its entire device (the AIMS 2.0) and all software supporting it constitute protectable trade secrets, so it makes no effort to differentiate those aspects that are not generally known or readily ascertainable.

4.     The undisputed record shows that what Frost Solutions claims are trade secrets are in fact generally known and readily ascertainable.  Lots of companies deploy systems to measure weather data, take digital images, and transmit that information via a cellular network for a user to access on an app.  Frost Control also openly published the information on which the claim is based – what it did *and* what it planned to do (despite ceasing all development efforts), so knowledge of the forthcoming features was not secret.  Frost Solutions also publishes what it does, but it nevertheless tries to punish Defendants for performing the same functions (in its own uniquely designed and constructed way).

5.      Merely replicating features and functions that are openly published and obvious to any user or observer does not violate the law.  Frost Solutions lacks any evidence that Defendants copied *how* Frost Controls (or Frost Solutions) performs any of the tasks completed by its systems, because Defendants had no knowledge of the how and because they hired a third party to design and develop a system from scratch.  This independent development is not actionable as a matter of law.

6.      Plaintiff also bases its trade secret claims on customer feedback, which it claims was used by Frost Controls to identify defects plaguing its systems, accommodate customers' desires for new or different functionality, and plan enhancements for future iterations (even though all development efforts were terminated in 2021).  None of this information was truly confidential or even unique to Frost Controls, however, as this data came from third parties (customers and prospective customers) who did not treat such information as confidential.

7.      The undisputed record is also clear that Defendants provided no confidential technical information about Frost Controls' systems to the third-party developer Vue retained to design and develop its ARC-1 from scratch.  Frost Solutions cannot prove its alleged trade secrets were used, so its technology-based claim fails as a matter of law.

8.      Frost Solutions also tries to claim that the identity of Frost Control's customers and customer base was a trade secret, even though such information was widely available, including by purchasing lists of information and from government websites.  Pushing further, Frost claims that information about its relationships with government entity customers is a trade secret, even though information about those relationships are subject to right-to-know laws and the government entities could not provide any meaningful measure of confidentiality.  Because neither of these aspects of Frost Control's business was secret, there can be no viable trade secret claim based on them.

9. "Summary judgment is appropriate if the record, viewed in the light most favorable to the non-moving party, shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law." *Tommy Hilfiger Retail, Inc. v. N. Conway Outlets LLC*, No. Civ. 99-C-147-B, 2000 WL 1480450, at *2 (D.N.H. Feb. 14, 2000) (citing Fed R. Civ. P. 56(c); *Commercial Union Ins. Co. v. Walbrook Ins. Co.*, 7 F.3d 1047, 1050 (1st Cir.1993)). "A material fact is one 'that might affect the outcome of the suit under the governing law' . . . [and] . . . [a] genuine factual issue exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Tommy Hilfiger Retail, Inc.*, 2000 WL 1480450, at *2 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Importantly, "establishing a genuine issue of material fact requires more than effusive rhetoric and optimistic surmise." *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir. 1997). "If the evidence [adduced in opposition to the motion] is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (quoting *Anderson*, 477 U.S. at 249-50).

10. Fed. R. Civ. P. 56 expressly authorizes courts to enter summary judgment on a discrete issue. *See* Fed. R. Civ. P. 56(a) ("[a] party may move for summary judgment, identifying each claim or defense – *or the part of each claim or defense* – on which summary judgment is sought") (emphasis added)). Accordingly, this Court is empowered to grant the relief sought herein, *i.e.,* partial summary judgment as to Plaintiff's claim in Counts I and II of its Amended Complaint for alleged misappropriation of technology, and it should do so.

WHEREFORE, Defendants respectfully that this honorable Court:

A. Grant Defendants summary judgment on Counts I and II of Plaintiff's Amended Complaint; and

B. Grant such additional and further relief as the Court deems necessary and proper.

                                                   Respectfully submitted,

<table>
<tr><td></td><td>PATRICK BAGLIEN, CHRISTOPHER LAREAU AND VUE ROBOTICS, LLC,<br><br>By their attorneys,<br><br>SHEEHAN PHINNEY BASS & GREEN, P.A.</td></tr>
<tr><td>Dated: February 17, 2026</td><td>/s/ James P. Harris<br>David W. McGrath (NH Bar No. 9347)<br>James P. Harris (NH Bar No. 15336)<br>Ryan P. Lirette (NH Bar No. 19561)<br>Abbygale M. Dow (NH Bar No. 272938)<br>1000 Elm Street, 17th Floor<br>Manchester, NH 03101<br>(603) 627-8255<br>dmcgrath@sheehan.com<br>jharris@sheehan.com<br>rlirette@sheehan.com<br>adow@sheehan.com</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served copies of the foregoing on all counsel of record via the Court's CM/ECF system.

Dated:  February 17, 2026        /s/ James P. Harris

5