**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>Defendants. | Case No. 1:22-cv-00401-SE |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO EXTEND CERTAIN DISCOVERY DEADLINES AND CONTINUE TRIAL**

Plaintiff Frost Solutions, LLC ("Frost"), objects to Defendants Patrick Baglien, Christopher Lareau, and Vue Robotics, LLC's (collectively, "Defendants") Motion to Extend Certain Discovery Deadlines and Continue Trial (Doc. 112) ( "Motion to Extend"), and states as follows:

1.      This case is currently scheduled for trial during the Court's June 2026 jury trial period.  There is no need to extend the trial date in this case, let alone for five, seven or eight months as Defendants propose in their Motion to Extend.  The remaining discovery to be taken, primarily by Defendants, will take another month, at best, and could be accomplished without moving the trial date.

2.      Instead, the Motion to Extend, if granted, would unnecessarily further prolong the adjudication of this case, which has been pending for almost four years.  Frost is prepared to go forward with trial as scheduled in June, a date agreed upon by the Parties (*see* Doc. 107) and approved by the Court on October 31, 2025.  Frost therefore objects to Defendants' request in

1

their Motion to Extend to further extend deadlines, as well as their requests to file supplements to their recently filed dispositive motions,[1] and postpone the trial for at least five months.[2]

3.      As background, on January 26, 2026, several weeks in advance of the Feb. 17 dispositive motion deadline, Frost's counsel had proposed that the Parties request to move the trial to the Court's September jury trial period to create more time for expert discovery, to allow Defendants to take their remaining depositions before the dispositive motion deadline, and to avoid a scheduling conflict of one of Frost's principals at the beginning of the June trial period. While, in Frost's view, that lengthy an extension was not needed, Frost had been advised that Defendants had scheduling conflicts during the July jury trial period.

4.      Based on discussions with Defendants' counsel, Frost understands that Defendants do not have a scheduling conflict with the September trial period, but Defendants nonetheless oppose having the trial in September because that is inconvenient for their business operations.  Notably, Frost is in the same business and would suffer the same inconvenience.  As an alternative, Frost suggests that the case be set for trial in August, since Frost is not aware of any conflicts on either side.

5.      In their Motion to Extend, Defendants oppose scheduling the trial for the September trial period, and instead propose continuing the trial until late 2026 or early 2027.

6.      Frost's principals, who have been litigating this matter for almost four years now, strongly oppose such a significant additional delay in adjudication of their case.  Because the

---

[1]    On February 17, 2026, the Parties filed motions for summary judgment:  Frost filed Docs. 113 & 115, and Defendants filed Docs. 116 & 117.

[2]    With respect to the extended trial dates proposed by Defendants, Frost wishes to advise the Court that Frost's New Hampshire counsel, Laura L. Carroll, would not be available during the Court's February 2027 jury trial period, because she has a trial in the matter of *SIG Sauer Inc. v. Springfield, Inc., d/b/a Springfield Armory*, U.S.D.C. (C.D. Ill.) Case No. 4:21-cv-04085-SLD-RLH, scheduled to begin February 22, 2027.

only alternative to the June trial period that Defendants would agree to was—at the earliest—a November trial date, Frost would rather move forward with the trial as scheduled (even if it presents a potential conflict for Frost's principal) than agree to further unnecessary delays. Additionally, November is likely not a realistic possibility for the trial given the truncated trial period that month due to the Thanksgiving holiday, since this case requires a two-week trial.

7.      Fed. R. Civ. P. 16(b)(4) governs the modification of scheduling orders, including trial dates, and states that a case schedule may only be modified for good cause.  Fed. R. Civ. P. 6(b)(1)(a), cited in the Motion to Extend, also requires good cause for extending time.

8.      The case schedule negotiations and other delays alleged in the Motion to Extend have not jeopardized Defendants' right to a fair trial, and do not constitute good cause for a continuance as required under the Federal Rules of Civil Procedure.

9.      The pivotal deadlines in this matter have already passed.  The Parties have exchanged expert reports and are preparing to complete expert discovery.  The Parties filed dispositive motions on the February 17 deadline.  Thus, having already spent significant time and invested considerable money to meet these deadlines, many of the concerns raised in the Motion to Extend are moot.

10.     On the other hand, the delay requested by Defendants will cause significant prejudice to Frost.  Frost's case has been pending since 2022.  The Parties have agreed to extend the case schedule and move the trial date several times.  As this litigation has been pending, Frost has continued to suffer ongoing damages based on Defendants' wrongful conduct.  The delay proposed by Defendants would extend the harm to Frost to an additional "selling season" in the Parties' industry, thus inflicting additional harm on Frost and jeopardizing Frost's right and interest in obtaining a prompt resolution of this dispute.

11.     Further, Frost opposes any effort by Defendants to supplement their dispositive motions or file additional dispositive motions in the future, whether or not the trial is ultimately continued, as proposed in the Motion to Extend, ¶ 20: "Defendants anticipate requesting that they be allowed to supplement [their dispositive] motions."  The dispositive motion deadline has passed and the fact that limited discovery remains to be completed is not a basis to request an extension, let alone supplemental or additional motions after Defendants have already timely filed two motions for summary judgment totaling 54 pages.  Further, if trial remains scheduled for the June trial period, such supplemental motions would violate this Court's requirement that dispositive motions be filed no later than 120 days before trial.  Allowing Defendants to supplement their dispositive motions would, again, unfairly prejudice Frost by creating further litigation delays, and requiring it to respond to arguments that could have been timely raised by the Feb. 17 filing deadline.

12.     Frost is prepared to meet the deadlines set in the Court's last case schedule (with the exception of some extensions of the expert discovery deadlines that have been negotiated by the Parties).  Trial should go forward during the June jury trial period, or alternatively in the August or September trial periods, but no later than the September period.

**WHEREFORE**, Frost respectfully requests that this Court deny Defendants' Motion to Extend Certain Discovery Deadlines and Continue Trial (Doc. 112) because "good cause" has not been shown, and any alleged prejudice to Defendants is outweighed by the significant prejudice, cost, and inefficiency that will result to Frost if the Motion is granted, and grant such other and further relief as the Court deems just and reasonable.

Dated: February 27, 2026

Respectfully submitted,

**FROST SOLUTIONS, LLC,**

By its attorneys,

/s/ *Laura L. Carroll*
Laura L. Carroll (NH Bar No. 17444)
ARENTFOX SCHIFF LLP
800 Boylston Street, 32nd Floor
Boston, MA 02199
Tel:    (617) 973-6100
Email: laura.carroll@afslaw.com

Todd A. Rowden (admitted *pro hac vice*)
James L. Oakley (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel:    (312) 527-4000
Fax:    (312) 527-4011
Email: trowden@taftlaw.com
          joakley@taftlaw.com

Amir R. Tahmassebi (admitted *pro hac vice*)
KONICEK & DILLON, P.C.
70 West Madison Street, Suite 2060
Chicago, IL 60602
Tel:    (312) 328-9166
Fax:    (630) 262-9659
Email: amir@konicekdillonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served a copy of this document on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated:  February 27, 2026

/s/ *Laura L. Carroll*
Laura L. Carroll

5