**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

FROST SOLUTIONS, LLC,

Plaintiff,

v.

PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,

Defendants.

Case No. 1:22-cv-00401-SE

**DECLARATION OF JAMES OAKLEY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S TECHNOLOGY AND CUSTOMER INFORMATION TRADE SECRET CLAIMS (COUNTS I AND II OF THE AMENDED COMPLAINT)**

Pursuant to 28 U.S.C. § 1746, I, James Oakley, declare as follows:

1. I am an attorney at the law firm of Taft Stettinius & Hollister LLP, in Chicago, Illinois. I have been admitted *pro hac vice* to represent Plaintiff Frost Solutions, LLC ("Frost") in this action. I am competent to make this declaration, and my statements herein are based on personal knowledge.

2. I have identified below the exhibits cited in Frost's Memorandum of Law in Support of its Motion for Partial Summary Judgment.

3. Attached hereto as Exhibit 1 is a true and correct copy of Frost's 4th Supplemental Objections and Responses to Defendants' First Set of Interrogatories, served on September 25, 2025.

4. Attached hereto as Exhibit 2 is a true and correct copy of Frost's 5th Supplemental Objections and Responses to Defendants' First Set of Interrogatories, served on December 31, 2025.

5. Attached hereto as Exhibit 3 are true and correct copies of excerpted pages from the transcript of the deposition of Michael Bott, taken in this action on September 22, 2025.

6. Attached hereto as Exhibit 4 are true and correct copies of excerpted pages from the transcript of the deposition of Michael Kirsh, taken in this action on September 23, 2025.

7. Attached hereto as Exhibit 5 are true and correct copies of excerpted pages from the transcript of the deposition of Christopher Lareau, taken in this action on July 17, 2025.

8. Attached hereto as Exhibit 6 are true and correct copies of excerpted pages from the transcript of the first deposition of Ryan Kreager, taken in this action on January 16, 2026.

9. Attached hereto as Exhibit 7 are true and correct copies of excerpted pages from the transcript of the second deposition of Ryan Kreager, taken in this action on February 19, 2026.

10. Attached hereto as Exhibit 8 are true and correct copies of excerpted pages from the transcript of the deposition of Victor Gill, taken in this action on July 31, 2025.

11. Attached hereto as Exhibit 9 are true and correct copies of excerpted pages from the transcript of the deposition of Bryan Ritchie, taken in this action on September 21, 2023.

12. Attached hereto as Exhibit 10 are true and correct copies of excerpted pages from the transcript of the deposition of Mario Bonardi, taken in this action on September 8, 2025.

13. Attached hereto as Exhibit 11 is a true and correct copy of Expert Kevin McCarthy's expert report, dated November 25, 2025.

14. Attached hereto as an exemplative and combined Exhibit 12 are true and correct copies of the nondisclosure agreements signed by Frost's employees: Ex. 12-A is a Nondisclosure Agreement signed by Victor Gill (FROST_0001546); Ex. 12-B is a Nondisclosure Agreement signed by Patrick Baglien (FROST_001611); Ex. 12-C is a Nondisclosure Agreement signed by Mario Bonardi (FROST_0001744); Ex. 12-D is a Nondisclosure Agreement signed by Tasha Weidler (FROST_0002043); and Ex. 12-E is a Nondisclosure Agreement signed by Cory Moore

(FROST_0002052). Each of these agreements were produced by Frost in discovery in this matter, and were marked "Confidential" pursuant to the Protective Order issued in this case on January 23, 2023. (ECF No. 28.)

15. Attached hereto as an exemplative and combined Exhibit 13 are true and correct copies of the nondisclosure agreements signed by Frost's vendors and third party collaborators: Ex. 13-A is a Reciprocal Confidentiality Agreement signed by [redacted] (FROST_0001976); Ex. 13-B is a Nondisclosure Agreement signed by [redacted] (FROST_0001957); Ex. 13-C is a Mutual Nondisclosure Agreement signed by [redacted] (FROST_0001933); Ex. 13-D is a Nondisclosure Agreement signed by [redacted] (FROST_0001641); and Ex. 13-E is a Confidentiality Agreement signed by [redacted] (FROST_0001633). Each of these agreements were produced by Frost in discovery in this matter, and marked "Confidential" pursuant to the Protective Order.

16. Attached hereto as an exemplative and combined Exhibit 14 are true and correct copies of the nondisclosure agreements signed by Frost's customers: Ex. 14-A is an Independent Contractor Agreement signed by [redacted] (FROST_0016306); Ex. 14-B is an Independent Contractor Agreement signed by [redacted]FROST_0007550); Ex. 14-C is an Independent Contractor Agreement signed by [redacted]FROST_0016278). Each of these agreements were produced by Frost in discovery in this matter, and marked "Confidential" pursuant to the Protective Order.

17. Attached hereto as Exhibit 15 is a true and correct copy of the August 9, 2022 Asset Purchase Agreement by which Frost Solutions acquired Frost Control's assets, which was produced by Frost in discovery in this action starting at Bates number FROST_0020754, and marked "Confidential" pursuant to the Protective Order.

18. Attached hereto as Exhibit 16 are true and correct copies of excerpted pages from

the transcript of the deposition of Patrick Baglien, taken in this action on July 18, 2025.

19. Attached hereto as Exhibit 17 is a true and correct copy of Christopher Lareau's Separation Agreement and Mutual Release (the "Lareau Agreement") and the October 5, 2021 email from Baglien to the members of Frost Control Board circulating a copy of that document, which was produced by Victor Gill in this action pursuant to subpoena starting at Bates number GILL_0006838.

20. Attached hereto as Exhibit 18 is a true and correct copy of an email chain between Easley and Bonardi starting on August 4, 2020 regarding "RWIS 2.0 Ideas/Desires," which was produced in by Frost in discovery in this action starting at Bates number FROST_0310404, and marked "Confidential" pursuant to the Protective Order.

21. Attached hereto as Exhibit 19 is a true and correct copy of an email chain between Bonardi, Barclay, Prabhala, and Weidler starting on August 10, 2020 regarding "RWIS 2.0 Ideas/Desires," which was produced in by Frost in discovery in this action starting at Bates number FROST_0310413, and marked "Confidential" pursuant to the Protective Order.

22. Attached hereto as Exhibit 20 is a true and correct copy of an email meeting invitation from Bonardi to Prabhala and Weidler on October 13, 2020 regarding "RWIS 2.0 Software," which was produced in by Frost in discovery in this action starting at Bates number FROST_0310459, and marked "Confidential" pursuant to the Protective Order.

23. Attached hereto as Exhibit 21 is a true and correct copy of the "Mini RWIS 2.0 Project Definition," which was produced in by Frost in discovery in this action starting at Bates number FROST_0310420, and marked "Confidential" pursuant to the Protective Order.

24. Attached hereto as Exhibit 22 is a true and correct copy of a series of "Product Meeting" email invitations from Bonardi to Baglien on April 7, 2021, April 20, 2021, and July 23, 2021, produced in by Frost in discovery in this action as, respectively, Bates numbers

FROST_0060593, FROST_0059380, and FROST_0031539, and marked "Confidential" pursuant to the Protective Order.

25. Attached hereto as Exhibit 23 is a true and correct copy of an email chain between Kreager, Baglien, Bonardi, and Lareau starting on January 28, 2021 regarding "Product meeting reschedule," which was produced in by Frost in discovery in this action starting at Bates number FROST_0064631.

26. Attached hereto as Exhibit 24 is a true and correct copy of a Slack message conversation between Lareau, Bonardi, Baglien, Kreager, and Weidler starting on August 12, 2021, which was produced in by Frost in discovery in this action starting at Bates number FROST_0100783, and marked "Confidential" pursuant to the Protective Order.

27. Attached hereto as Exhibit 25 is a true and correct copy of an email chain wherein Bonardi sends a series of "Engineering Progress Reports" starting on February 26, 2021, which was produced in by Frost in discovery in this action starting at Bates number FROST_0106169, and marked "Confidential" pursuant to the Protective Order.

28. Attached hereto as Exhibit 26 is a true and correct copy of an email chain wherein Baglien responds to Bonardi's "Engineering Progress Report 2/26/2021," which was produced in by Frost in discovery in this action starting at Bates number FROST_0061686, and marked "Confidential" pursuant to the Protective Order.

29. Attached hereto as Exhibit 27 is a true and correct copy of an email chain between Baglien, Moore, Lareau, and Bonardi starting on April 8, 2021 regarding a specification document, which was produced in by Frost in discovery in this action starting at Bates number FROST_0059325, and marked "Confidential" pursuant to the Protective Order.

30. Attached hereto as Exhibit 28 is a true and correct copy of an email chain from Weidler to Baglien and Bonardi on September 16, 2021 regarding "Portal Status," which was

produced in by Frost in discovery in this action starting at Bates number FROST_0036754, and marked "Confidential" pursuant to the Protective Order.

31. Attached hereto as Exhibit 29 is a true and correct copy of an email from Bonardi to Kreager, Baglien, and Lareau on August 2, 2021 regarding a "Product Update," which was produced in by Frost in discovery in this action starting at Bates number FROST_0030315, and marked "Confidential" pursuant to the Protective Order.

32. Attached hereto as Exhibit 30 is a true and correct copy of an email from Anderson to Bonardi (with exhibits) on September 7, 2021 regarding "RWIS 2.0 BOMs 2021-09-03," which was produced in by Frost in discovery in this action starting at Bates number FROST_0108414, and marked "Attorneys' Eyes Only" pursuant to the Protective Order.

33. Attached hereto as Exhibit 31 is a true and correct copy of an email chain between Baglien and Glow Labs starting on August 23, 2021 regarding a "Quote Request," which was produced by Glow Labs in this action pursuant to a subpoena starting at Bates number GL_000004.

34. Attached hereto as Exhibit 32 is a true and correct copy of an email from Baglien to Glow Labs on September 28, 2021 regarding a "Doc for 2p est call," which was produced by Glow Labs in this action pursuant to a subpoena starting at Bates number GL_000003.

35. Attached hereto as Exhibit 33 is a true and correct copy of the "Product Description" emailed to Glow Labs by Baglien on September 28, 2021, which was produced by Glow Labs in this action pursuant to a subpoena starting at Bates number GL_000015.

36. Attached hereto as Exhibit 34 is a true and correct copy of Screenshot showing Lareau's September 2021 downloads of information from the Frost HubSpot platform, which was produced by Frost in discovery in this action at Bates number FROST_0015603.

37. Attached hereto as Exhibit 35 is a true and correct copy of an email from Baglien to Frost personnel on October 6, 2021 communicating his resignation from Frost, which was produced

in by Frost in discovery in this action starting at Bates number FROST_0027013.

38. Attached hereto as Exhibit 36 is a true and correct copy of an email chain between Gill and Lareau starting on November 1, 2021 regarding return of "Confidential Information & Company Property," which was produced by Victor Gill in this action pursuant to subpoena starting at Bates number GILL_0006422.

39. Attached hereto as Exhibit 37 is a true and correct copy of an email from Gill to Baglien on November 1, 2021 regarding "Confidential Information & Company Property," which was produced by Vue in discovery in this matter starting at Bates number VUE0001530, and marked "Confidential" pursuant to the Protective Order.

40. Attached hereto as Exhibit 38 is a true and correct copy of the October 13, 2021 calendar invite showing chris@vuerobotics.io and patrick@vuerobotics.io email addresses, which was produced by Vue in discovery in this action starting at Bates number VUE0042697.

41. Attached hereto as Exhibit 39 is a true and correct copy of Screenshots showing Baglien's and Lareau's downloads of information from the Frost HubSpot platform in September and October 2021, which was produced by Frost in discovery in this action starting at Bates number FROST_0000001.

42. Attached hereto as Exhibit 40 is a true and correct copy of the October 13, 2021 email showing chris@vuerobotics.io and patrick@vuerobotics.io email addresses and vue-robotics.slack.com Slack workspace, which was produced by Vue in discovery in this action at Bates number VUE0042915.

43. Attached hereto as Exhibit 41 is a true and correct copy of the Vue Robotics Product Requirements Document, which was produced by Vue in discovery in this action starting at Bates number VUE0027263, and marked "Attorney's Eyes Only" pursuant to the Protective Order.

44. Attached hereto as Exhibit 42 is a true and correct copy of the October 19, 2021

email from Lareau to Jesse Dahms attaching the Vue Robotics Product Requirements Document, which was produced by Vue in discovery in this action starting at Bates number VUE0043371, and marked "Attorney's Eyes Only" pursuant to the Protective Order.

45. Attached hereto as Exhibit 43 is a true and correct copy of the legal documents for the January 24, 2022 formation of Vue Robotics, LLC, which was produced by Vue in discovery in this action starting at Bates number VUE0001768.

46. Attached hereto as Exhibit 44 is a true and correct copy of the March 15, 2022 email from Baglien to personnel at SNO Services attaching the Vue Robotics Product Requirements Document, Vue company overview, and dashboard concepts and stories, which was produced by Vue in discovery in this action starting at Bates number VUE0010674, and marked "Confidential" pursuant to the Protective Order.

47. Attached hereto as Exhibit 45 is a true and correct copy of September 20, 2022 emails sent from Lareau to Frost customers, which were produced by Vue in discovery in this action at Bates numbers VUE0005910, VUE0005944, VUE0005947, VUE0006185, VUE0006205, VUE0110998, and VUE0002566, and marked "Confidential" pursuant to the Protective Order.

48. Attached hereto as Exhibit 46 is a true and correct copy of September 23, 2022 emails sent from Baglien to Frost customers, which were produced by Vue in discovery in this action at Bates numbers VUE_0008683–85, VUE0008689–97, VUE0009850, and VUE0001770–72, and marked "Confidential" pursuant to the Protective Order.

49. Attached hereto as Exhibit 47 is a true and correct copy of a Master Services Agreement redline sent by a Frost customer, which was produced by Frost in discovery in this action starting at Bates number FROST_0019964, and marked "Attorneys' Eyes Only" pursuant to the Protective Order.

50. Attached hereto as Exhibit 48 are true and correct copies of an excerpted page from

the transcript of Frost's 30(b)(6) deposition, taken in this action on January 8, 2026.

51. Attached hereto as Exhibit 49 is a true and correct copy of Baglien's Third Supplemental Responses to Frost's First Set of Interrogatories, served on October 5, 2023, with attached exhibits that Defendants have marked "Confidential" pursuant to the Protective Order.

52. The data downloaded by Defendants constitutes thousands of records contained in large spreadsheet files, as confirmed by the Expert Report of Vaidhy Swaminathan attached hereto as Exhibit 50 and which was produced in this litigation on October 3, 2025. Due to the size of the download files, they are not being produced as an exhibit but can be supplemented through a flash drive or download link upon request. Those spreadsheets include data related to current, former, or prospective customer names; contacts within the customer's business; work on prospective customers; customers' business needs and preferences; purchasing history, including number of products purchased, and contract/term length; reasons customer deals were won or lost; bidding strategies; proposal-response strategies; pricing feedback; correspondence history; financial information; record ID numbers; contact names; email addresses; phone numbers; job titles; associated company and company ID; subscriber dates; locations; contact owner information; sequence processes; dates of last activity, last contact, and last engagement; mobile phone numbers; numbers of sale activities; sequences enrolled; times contacted; original source information; and recent sales email data.

53. Defendants did not produce any emails from Glow Labs in discovery in this matter, despite the documents being responsive to Frost's document requests. Frost obtained the records directly from Glow Labs through a subpoena shortly before the close of discovery.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Date: March 19, 2026

DocuSigned by:

/s/ B03EB6090514430...

James Oakley

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically served copies of this document and exhibits on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: March 19, 2026

*/s/ Laura L. Carroll*
Laura L. Carroll