**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| FROST SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC, <br><br> Defendants. | Civil Action No. 1:22-cv-00401-SE |

**DEFENDANTS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF**
**VAIDHYANATHAN SWAMINATHAN**

Defendants, Patrick Baglien, Christoper Lareau, and Vue Robotics, LLC, pursuant to Federal Rule of Evidence 702, move to exclude the testimony of Plaintiff, Frost Solutions, LLC's, proffered HubSpot expert, Vaidhyanathan Swaminathan, as unreliable and speculative. As set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, Mr. Swaminathan's testimony and his purported reconstructions of data allegedly downloaded by Messrs. Baglien and Lareau should be excluded.  In support thereof, Defendants state:

1.      In its Amended Complaint Forst Solutions alleges violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*. and New Hampshire's Uniform Trade Secrets Act, RSA 350-B, as well as breaches of confidentiality provisions in certain agreements, all relying at least in part on alleged downloads of data from Frost Control's customer relationship management ("CRM") tool, HubSpot, while Messrs. Baglien and Lareau worked at Frost Control.

2.      Frost Solutions has proffered Mr. Swaminathan and an expert and, based on his written report, he is expected to: (1) opine on Lareau's and Baglien's use of Frost Control's

1

client relationship management software, HubSpot, and (2) provide certain "reconstructions" of the information that Frost Solutions alleges Lareau and Baglien downloaded from HubSpot.

3.    However, Mr. Swaminathan's testimony and his reported reconstructions are inherently unreliable and should be excluded under Federal Rule of Evidence 702.

4.    Mr. Swaminathan's opinions start from an unreliable footing that renders his opinions inadmissible.  Mr. Swaminathan was forced to "reconstruct" the alleged HubSpot reports because that data no longer exists either in Frost Control's HubSpot database (because the Frost Control account had been deactivated) or on the physical devices that were once used by Messrs. Baglien or Lareau (because all of Frost Control's devices had been wiped).  Thus, there is no way to test or verify whether Mr. Swaminathan's reconstructions reliably reflect the data that was allegedly downloaded or even where those downloads went, which he admits.

5.    Critically, Mr. Swaminathan's reconstructions demonstrate their unreliability. Each of the proposed reconstructions contain data with date/timestamps well after Messrs. Baglien and Lareau left Frost Control, with some dates even going into 2023.  HubSpot is a dynamic application and, based on Mr. Swaminathan's reconstructions, there is no way to reliably know what data was included in the alleged downloads using data generated at the time of the reconstruction (a time that is similarly unknown based on Mr. Swaminathan's report).

WHEREFORE, Defendants respectfully request that this Honorable Court:

A. Grant Defendants' Motion to Exclude the Testimony of Vaidhyanathan Swaminathan;

B. Exclude Mr. Swaminathan's reconstructions; and

C. Grant such additional and further relief in favor of Defendants as the Court deems necessary and just.

Respectfully submitted,


PATRICK BAGLIEN, CHRISTOPHER LAREAU
AND VUE ROBOTICS, LLC,

By their attorneys,

SHEEHAN PHINNEY BASS & GREEN, P.A.

Dated: April 23, 2026

*/s/ Abbygale M. Dow*
David W. McGrath (NH Bar No. 9347)
James P. Harris (NH Bar No. 15336)
Ryan P. Lirette (NH Bar No. 19561)
Abbygale M. Dow (NH Bar No. 272938)
1000 Elm Street, 17th Floor
Manchester, NH 03101
(603) 627-8255
dmcgrath@sheehan.com
jharris@sheehan.com
rlirette@sheehan.com
adow@sheehan.com


## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served copies of the foregoing on all counsel of record via the Court's CM/ECF system.

Dated:  April 23, 2026                    */s/ Abbygale M. Dow*

3