**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>       Plaintiff,<br><br>      v.<br><br>PATRICK BAGLIEN, CHRISTOPHER LAREAU, and VUE ROBOTICS, LLC,<br><br>      Defendants. | Case No. 1:22-cv-00401-SE |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO**
**EXCLUDE THE EXPERT TESTIMONY OF DANIEL SALAZAR**

Defendant Christopher Lareau ("Lareau") has asserted a counterclaim against Plaintiff Frost Solutions, LLC ("Frost"), for negligent infliction of emotional distress ("NIED").  Proving the type of NIED claim that Lareau has pleaded here requires expert testimony.  *Michnovez v. Blair, LLC*, No. 10–cv–110, 2012 DNH 114, at *9 (D.N.H. July 5, 2012).  Fed. R. Civ. P. 26(a)(2)(A) provides specific disclosure requirements for expert witnesses. Defendants have failed to meet these requirements with respect to their medical expert, Daniel Salazar ("Salazar").  Their expert disclosure for him comprises all of three sentences and does not provide any meaningful detail—plainly inadequate under established federal caselaw.  To make matters worse, Defendants have been either unable or unwilling to produce Salazar for a deposition, despite numerous and repeated requests by Frost, and the deadlines for filing both dispositive motions and *Daubert* motions having passed. Thus, Frost has already suffered substantial prejudice as a result of Defendants' failures.

Rule 37 and First Circuit precedent make clear that the preferred sanction to remedy a Rule 26(a)(2)(A) violation is excluding the expert testimony, and this presumption is "near automatic." Defendants cannot meet their burden to show any lesser sanction is adequate or appropriate. Nor can they prove that their violation is substantially justified or harmless, as their failure to disclose

their expert's proffered opinions persists to this day, with trial fast approaching. Frost therefore requests that the Court bar Salazar from testifying at trial and award Frost its reasonable expenses, including attorneys' fees, incurred in bringing this motion.

### BACKGROUND

Frost alleges that its former executives, Defendants Patrick Baglien and Christopher Lareau, misappropriated Frost's trade secrets, confidential business information, and customer relationships to launch a competing road weather monitoring company, Defendant Vue Robotics, and develop a rival product, in violation of trade secrets laws and their fiduciary and contractual obligations to Frost. (*See* First Amended Complaint, Doc. 108.) Defendants pleaded several counterclaims in response to Frost's initial complaint, including a counterclaim of NIED by Lareau. (*See* 1st Am. Countercl. & Jury Demand ¶¶ 177-85, Doc. 100.) Defendants did not plead any counterclaims in response to Frost's First Amended Complaint. (*See* Docs. 108, 110.) Frost's motion for summary judgment on Defendants' counterclaims is currently pending. (Doc. 115.)

The original discovery plan approved by the Court on January 23, 2023, entered a schedule for expert disclosures, written reports, and supplementations. (Doc. 25.) Expert discovery, which included expert depositions, was to be completed by January 19, 2024. (*Id.*) These expert discovery deadlines were pushed back several times. (*See* Docs. 36, 91, 99, 107, 111.) The deadline for serving expert disclosures has now passed.

On November 28, 2025, Lareau provided an expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2) which disclosed Daniel Salazar, PMHNP-BC.[1] (*See* Declaration of Todd Rowden ("Rowden Decl."), Ex. 1-C, Expert Disclosure of C. Lareau.) As Defendants have stated in other filings, Salazar is Lareau's treating provider. (Doc. 127-1 at 12, 25.) Lareau's disclosure provided only the following:

---

[1]    The initials stand for "Psychiatric-Mental Health Nurse Practitioner - Board Certified."

> It is expected that Ms. [sic] Salazar will testify based on his treatment of Mr. Lareau that (1) Frost's conduct as alleged in Count I of the First Amended Counterclaim likely caused, aggravated, and/or significantly exacerbated emotional distress experienced by Mr. Lareau and (2) that Mr. Lareau was susceptible to emotional distress given his history. Mr. Salazar is also anticipated to testify consistent with Lareau's medical records disclosed at VUE0198673-VUE199057. Mr. Salazar's opinions will be based on his medical and psychiatric examinations of Mr. Lareau.

(Ex. 1-C.) Although Lareau "reserve[d] the right to supplement and amend this expert disclosure," he has never done so. (*See id.*)

Notwithstanding this meager disclosure, Salazar is a linchpin of Lareau's NIED counterclaim.  As Frost recently explained in connection with its motion for summary judgment on Defendants' Amended Counterclaim (Doc. 115-1), New Hampshire courts have "repeatedly held that expert testimony is required to prove physical symptoms suffered from alleged negligent infliction of emotional distress." *O'Donnell v. HCA Health Servs. of N.H., Inc.*, 152 N.H. 608, 611 (2005) (cleaned up); *see In re Bayview Crematory, LLC*, 155 N.H. 781, 786 (2007).  This requirement serves two purposes: "it establishes both the seriousness of the emotional injury and the causal relationship between that injury and the defendant's alleged negligence." *Michnovez*, 2012 DNH 114, at *9.

Critically, "in the absence of a report, a plaintiff's treating physician cannot testify to opinions based on information not learned during the course of treatment." *Westerdahl v. Williams*, 276 F.R.D. 405, 408 (D.N.H. 2011) (cleaned up). In other words, causation opinions must be based on the treatment alone. *See id.; Vosburgh v. Bourassa*, No. 07-CV-101-SM, 2008 DNH 133, at *7–8 (D.N.H. Aug. 5, 2008) (holding that, without a report, a treating physician could testify as to "his diagnosis and treatment of plaintiff," but not the cause of the plaintiff's condition, because that was not based on his "examination and treatment of plaintiff"). Defendants agree that this is the law. (Doc. 127-1, p. 23.) Yet they have not provided a full disclosure, an expert report, or a declaration for Salazar.

Defendants have also failed to present Salazar for deposition, despite numerous, repeated efforts by Frost. On February 18, 2026, counsel for Frost requested deposition availability for all three of Defendants' experts, including Salazar. (Rowden Decl. ¶ 5 & Ex. A.) On March 4, 2026, counsel for Frost informed defense counsel of Frost's plans to subpoena Salazar for deposition on March 24, 25, or 27, and requested defense counsel's availability, as well as updated contact information for Salazar. (Rowden Decl., ¶ 6.)  Counsel for Frost continued to follow up and communicate with defense counsel throughout the month of March 2026 regarding scheduling Salazar for deposition. (*Id.*, ¶¶ 7-11.) On March 24, Frost's counsel noticed Salazar's deposition for April 3. (*Id.*, ¶ 12.)  On March 30, defense counsel informed Frost's counsel for the first time that due to Salazar's status as a federal employee with the VA, there were some procedural/ administrative requirements that defense counsel must go through before Salazar could be deposed, and Salazar would therefore not be available for an April 3 deposition. (*Id.*, ¶ 13.) On April 14, defense counsel informed Frost's counsel that "[b]ecause Mr. Salazar is a VA employee, the VA is requiring that we submit a formal request for testimony pursuant to the VA's governing regulations and the Federal Housekeeping Statute (5 U.S.C. s. 301)." (*Id.* ¶ 14.)  With trial two months away, Frost is still unable to take Salazar's deposition.

## LEGAL STANDARD

Frost challenges Defendants' expert, Salazar, as improperly disclosed under Fed. R. Civ. P. 26.  A party is required to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2) also provides a clear distinction between expert witnesses who must provide a written report and those who are not required to do so (*i.e.*, retained versus unretained experts). As Lareau's treating provider, Salazar is not a witness "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert

4

testimony." Fed. R. Civ. P. 26(a)(2)(B). Nevertheless, Defendants were required to provide a disclosure for Salazar that stated "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and . . . a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Furthermore, parties have an obligation to supplement their expert disclosures when so required under Rule 26(e). Fed. R. Civ. P. 26(a)(2)(E).

"Opinions that are not adequately disclosed in accordance with Rule 26(a) and 26(e) are subject to exclusion under Rule 37(c)(1)." *G.K. v. Sununu*, No. 21-cv-4, 2024 WL 3011178, at \*4 (D.N.H. June 14, 2024), citing *Lawes v. CSA Architects & Eng'rs LLP*, 963 F.3d 72, 91 (1st Cir. 2020). That is, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As the proponent of Salazar's expert testimony, Defendants bear the burden to show that their failure to comply with the expert discovery rules was substantially justified or harmless and that a sanction less than exclusion of Salazar's testimony is warranted. *Insight Tech., Inc. v. SureFire, LLC*, No. 04–cv–74, 2007 DNH 135, at \*2 (D.N.H. Nov. 1, 2007); *see Adams v. J. Meyers Building, Inc.*, 671 F. Supp. 2d 262, 271 (D.N.H. 2009). As demonstrated, Defendants cannot meet that burden here.

## ARGUMENT

**I.    Defendants' Rule 26(a)(2)(C) disclosure is insufficient.**

Although Defendants are not required to produce a written report for Salazar, they must still disclose the subject matter on which Salazar is expected to present evidence, along with a summary of the facts and opinions to which Salazar is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Defendants' 26(a)(2)(C) disclosure for Salazar falls far short of these requirements.

Disclosures under Rule 26(a)(2)(C) cannot be generic or conclusory. Rather, in order "to guard against the prejudice of unfair surprise on opposing parties, and for Rule 26(a)(2)(C) to have any meaning, summary disclosures must contain more than a passing reference to the care a treating physician provided." *Yerramsetty v. Dunkin' Donuts Northeast, Inc.*, No. 18-cv-00454, 2020 WL 533130, at *7 (D. Me. Feb. 3, 2020) (citation omitted). This longstanding rule has been repeatedly emphasized by federal courts across the country. *See, e.g.*, *Gleed v. AT&T Servs., Inc.*, No. 13-12479, 2016 WL 1451532, at *5 (E.D. Mich. Apr. 12, 2016) ("Plaintiff's 'disclosure' in this case is little more than an invitation for Defendant to go fish."); *Marr v. Abercrombie & Fitch Stores, Inc.*, No. 14-CV-00123, 2015 WL 3827326, *4 (E.D.N.C. June 19, 2015); *Slabaugh v. LG Elecs. USA, Inc.*, No. 12–CV–01020, 2015 WL 1396606, at *3 (S.D. Ind. Mar. 26, 2015). As one oft-cited court decision has put it:

> [T]his Court finds that a summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material as sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies.

*Marr*, 2015 WL 3827326, at *5, quoting *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015).

All that can be deduced from the four corners of Defendants' disclosure is that Salazar will have opinions on diagnosis, causation, and Lareau's susceptibility to emotional distress. The disclosure offers nothing more than a rote recitation of the causation element and an assertion that Lareau is essentially an eggshell plaintiff. Defendants offer no detail or "facts supporting those opinions." *Marr*, 2015 WL 3827326, at *5.

6

Defendants cannot rely on the bare assertion that they anticipate Salazar will testify "consistent with Lareau's medical records disclosed at VUE0198673-VUE199057." Courts in this and other Circuits have explicitly rejected such disclosures: "For purposes of subsection (C), characterizing treating providers as experts and stating that they will testify consistent with their medical records does not suffice." *Kurylo v. Rizzo*, No. 15-cv-00015, 2017 WL 1047251, at *5 (D. Me. Mar. 17, 2017); *see also, e.g.*, *O'Brien v. Town of Bellingham*, No. 15-11523, 2018 WL 10827337, at *5–6 (D. Mass. Jan. 26, 2018) (same); *Carrico v. Lewis Tree Serv., Inc.*, No. 15-CV-25, 2016 WL 6459599, at *3 (E.D.N.C. Oct. 31, 2016) ("[O]ne may not discharge the duty to provide 'a summary of facts and opinions' [pursuant to Rule 26(a)(2)(C)] simply by referring an opponent to the raw data that would have formed the basis for a summary report had one been prepared."); *Marr*, 2015 WL 3827326, at *4–5 (holding that disclosure was inadequate where a party disclosed a treating physician's name and summarized the subject matter of the physician's testimony without summarizing the physician's opinions); *Carrillo v. B & J Andrews Enters., LLC*, No. 11–cv–01450, 2013 WL 394207, at *5 (D. Nev. Jan. 29, 2013) (noting that Rule 26(a)(2)(C) disclosures such as those here "have been rejected by several courts" and collecting cases from around the country); *Brown v. Providence Med. Ctr.*, No. 10-CV-230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011) ("The court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to."); *Kristensen ex rel. Kristensen v. Spotnitz*, No. 09–CV–00084, 2011 WL 5320686, at *2 (W.D. Va. June 3, 2011) (finding that the party could not comply with Rule 26(a)(2)(C) "by disclosing the complete records of treating physicians in issue").

Defendants' conclusory, three-sentence disclosure of Salazar does not satisfy the requirements of Rule 26(a)(2)(C), and neither does the bare reference to medical records. Defendants' failure to satisfy their obligations under the discovery rules disadvantages Frost, as "[c]omplete and timely disclosures and supplementation ensure an even playing field, preventing any

party from gaining an 'unfair tactical advantage' at trial." *Lawes*, 963 F.3d at 91, quoting *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). Without a complete disclosure that adequately describes Salazar's opinions and their factual bases (or even an opportunity to depose Salazar, as discussed below), Frost will be blindsided by Salazar's trial testimony and thus significantly prejudiced. Accordingly, as further argued below, Defendants' insufficient disclosure warrants excluding Salazar as an expert witness at trial.

**II.      Barring Salazar from testifying at trial is the appropriate, and necessary, remedy.**

"[U]nder Rule 37, 'the baseline rule is that the required sanction in the ordinary case is mandatory preclusion' of late-disclosed information." *Maryea v. Dowaliby*, No. 13-cv-318, 2015 DNH 217, at *1 (D.N.H. Dec. 1, 2015), quoting *Harriman v. Hancock Cnty.*, 627 F.3d 22, 29 (1st Cir. 2010). Because the sanction of "excluding inadequately disclosed witnesses . . . is 'near automatic'" here, "the party in violation has the burden to show that some lesser sanction is appropriate." *Adams*, 671 F. Supp. 2d at 271, quoting *Wilson v. Bradlees of New Eng., Inc.*, 250 F.3d 10, 21 (1st Cir. 2001). Relatedly, Defendants, as the proponents of the testimony at issue, bear the "burden to show that [their] failure to comply with expert disclosure was substantially justified or harmless." *Insight Tech.*, 2007 DNH 135, at *2, citing *Primus v. United States*, 389 F.3d 231, 234 (1st Cir. 2004); *Cell Genesys, Inc. v. Applied Research Sys. ARS*, 499 F. Supp. 2d 59, 80 (D. Mass. 2007).

Defendants cannot satisfy either burden here, primarily because they have also failed to produce Salazar for a deposition, despite Frost's frequent requests. In fact, Defendants have not even gotten as far as proposing a date for Salazar's deposition. Rule 26(b)(4)(A) entitles parties to "depose any person who has been identified as an expert whose opinions may be presented at trial." *See Duval v. U.S. Dep't of Veterans Affairs*, 69 F.4th 37, 40 (1st Cir. 2023) (noting that a party is entitled to depose the other's expert witness before trial under Rule 26); *Brown v. Ringstad*, 142 F.R.D. 461, 465 (S.D. Iowa 1992) ("If the expert is designated as a trial witness, the expert may be deposed by

8

the opposing party."). Defendants had a responsibility to present Salazar for deposition after Frost's multiple requests. *Arroyo-Velazquez v. Hosp. Hermanos Melendez, Inc.*, 82 F. App'x 702, 707–08 (1st Cir. 2003). Yet Defendants have not done so. (*See* Rowden Decl.)

Frost's continued inability to depose Salazar deepens the prejudice it has suffered as a result of Defendants' failure to satisfy their disclosure obligations. *See Williams v. Aramark Servs., Inc.*, CV No. 14-705, 2016 WL 3129206, at *3 (M.D. La. June 2, 2016) (excluding expert and finding prejudice where the defendants did not have the opportunity "to conduct any needed discovery regarding Plaintiff's treating physicians" or "designate competing experts in light of the identification of Plaintiff's treating physicians as experts"). Frost has already been forced to file its motion for summary judgment on Defendants' Amended Counterclaim without being able to take Salazar's deposition beforehand. *See Lohnes*, 272 F.3d at 60 (finding that a party's failure to disclose his expert until after summary judgment—thus depriving the opposing party of the opportunity to depose the expert, challenge his credentials, and solicit rebuttal expert opinions—was "exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate"). Frost has also been deprived of the ability to challenge Salazar under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as the deadline for filing *Daubert* motions is today, April 30. *See Enova Tech. Corp. v. Initio Corp.*, CV No. 10-04, 2013 WL 12155767, at *1 (D. Del. Jan. 31, 2013) (excluding expert where designation was inadequate and untimely, submitted after *Daubert* motions were due).

Allowing Salazar to testify at trial without being deposed will prejudice Frost even further. "The right to depose an opposing party's expert under Rule 26(b)(4)(A) is meant to enable a party to prepare in advance for a more effective cross-examination and rebuttal, narrow the issues, and eliminate surprise . . ." *Bailey v. Worthington Cylinder Corp.*, No. 16 CV 7548, 2021 WL 4440317, at *4 (N.D. Ill. Jan. 19, 2021); *see also Hoover v. U.S. Dep't of the Interior*, 611 F.2d 1132, 1142 (5th Cir. 1980) (same); *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F.Supp.2d 899, 904 (N.D. Ohio 2009) (same);

*Larson v. Davidson Trucking, Inc.*, No. 20-CV-250, 2024 WL 2764457, at \*4 (N.D. Ind. May 29, 2024) (observing that "there is no qualification in Rule 26(b)(4)(A) concerning the right to depose a testifying expert" and noting "the Committee's emphasis on the importance of deposing testifying experts in order to adequately prepare for trial").[2] "This case is now on the eve of trial and there is no time left to try and bring the designation [of Salazar] in line with the Rules." *Energy Drilling, LLC v. Pac. Energy & Mining Co., LLC*, No. 14-CV-186, 2016 WL 3509356, at \*2 (D. Wyo. Apr. 25, 2016). Allowing Defendants' inadequate "expert designation to stand as filed would cause undue prejudice since [Frost] lacks the necessary and required information to respond and prepare." *Id.*

Given that Lareau's NIED counterclaim hinges on Salazar's expert opinions and testimony, it would be especially prejudicial to allow such a crucial expert witness to testify at trial without first affording Frost the opportunity to depose him—particularly where all Frost has to work with is an insufficient, threadbare disclosure. Thus, Defendants have not established (and cannot establish) that their repeated failures to satisfy their discovery obligations with respect to Salazar are substantially justified or harmless. Nor can they show that the Court should depart downward from the "near automatic" default sanction of exclusion. *Adams*, 671 F. Supp. 2d at 271 (quoting *Wilson*, 250 F.3d at 21).

---

[2]    The ability to depose a party's expert witness is not limited to subsection (b)(4)(A); it is an important factor that courts take into consideration when generally determining whether a party's failure to adhere to the expert discovery rules and schedule will prejudice the opposing party. *See, e.g.*, *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (emphasizing that "[t]he purpose of the expert disclosure rules is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent" and noting that an "unfair tactical advantage" can be gained by depriving the other party "of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery") (cleaned up).

**III.     The Court should award Frost its costs and expenses, including attorneys' fees, incurred in bringing this motion.**

Rule 37(c) provides that if a party fails to "identify a witness as required by Rule 26(a) or (e)," the Court may, in addition to excluding that witness's testimony, "order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). When ordering exclusion of witness testimony for violating Rule 26(a)(2)'s disclosure obligations, courts have routinely awarded fees to the movant. *See, e.g.*, *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 455 (E.D. Mich. 2017); *Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, No. 12–cv–01065, 2013 WL 2285224, at *7 (D. Nev. May 22, 2013).

## CONCLUSION

For the reasons discussed above, the Court should grant this motion, exclude the expert testimony of Daniel Salazar, and award Frost its costs and expenses, including attorneys' fees, incurred in bringing this motion.

Dated: April 30, 2026                                   Respectfully submitted,

                                                        **FROST SOLUTIONS, LLC,**

                                                        By its attorneys,

                                                        /s/ *Laura L. Carroll*
                                                        Laura L. Carroll (NH Bar No. 17444)
                                                        ARENTFOX SCHIFF LLP
                                                        800 Boylston Street, 32nd Floor
                                                        Boston, MA 02199
                                                        Tel:     (617) 973-6100
                                                        Email:  laura.carroll@afslaw.com

                                                        Todd A. Rowden (admitted *pro hac vice*)
                                                        James L. Oakley (admitted *pro hac vice*)
                                                        TAFT STETTINIUS & HOLLISTER LLP
                                                        111 East Wacker Drive, Suite 2600
                                                        Chicago, IL 60601
                                                        Tel:     (312) 527-4000
                                                        Fax:     (312) 527-4011
                                                        Email:  trowden@taftlaw.com
                                                                    joakley@taftlaw.com

11

Amir R. Tahmassebi (admitted *pro hac vice*)
KONICEK & DILLON, P.C.
70 West Madison Street, Suite 2060
Chicago, IL 60602
Tel:    (312) 328-9166
Fax:    (630) 262-9659
Email:  amir@konicekdillonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served a copy of this document on all counsel of record via the Court's CM/ECF system, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: April 30, 2026                    */s/ Laura L. Carroll*
                                         Laura L. Carroll

12